IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE McDANIEL FAMILY TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO & CO.; WELLS FARGO FUNDS MANAGEMENT, LLC; WELLS CAPITAL MANAGEMENT, INC.; H.D. VEST INVESTMENT SERVICES; WELLS FARGO INVESTMENTS, LLC; STEPHENS, INC.; SEI INVESTMENTS DISTRIBUTION CO.; WELLS FARGO FUNDS TRUST,<br><br>    Defendants.<br>                                 / | No. C 05-04518 WHA<br><br>**ORDER (1) APPOINTING LEAD PLAINTIFF AND (2) DENYING MOTION TO APPOINT COUNSEL** |

**INTRODUCTION**

In this putative class action asserting federal securities fraud and other claims, Ronald Siemers moves for appointment as lead plaintiff. He is the only such movant. There is no opposition to the motion. Mr. Siemers meets the statutory requirements. The motion therefore is **GRANTED**. Because Mr. Siemers must engage in due diligence before selecting counsel, the motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**STATEMENT**

Plaintiff McDaniel Family Trust alleges that broker-dealers in mutual funds held themselves out as impartial financial advisors to plaintiff and members of the putative plaintiff class. Those broker-dealers, however, are accused in this action of secretly accepting financial

incentives provided by Wells Fargo & Co. and related entities in return for encouraging clients to invest in Wells Fargo-related funds.  The defendants in this action are alleged to have participated in this purported scheme as the investment advisor and manager for the funds, broker-dealers, distributors of the funds and as a registrant of the funds.  One defendant, Wells Fargo & Co., is the supposed parent company of all other defendants (Compl. ¶¶ 1–10, 15–25). The complaint in the instant action was filed November 4, 2005.

Movant Ronald Siemers purchased and sold shares he owned in the relevant funds during the putative class period.  Over the length of the class period (June 30, 2000, through June 8, 2005), he averaged holdings per day in the funds of $155,355 (Reese Decl. ¶¶ 2, 4, Exh. A (Vellrath Decl. ¶ 16 and Exh. 2); Exh. C (Certification of Proposed Lead Plaintiff ¶¶ 7–8 and Schedule A)).

Movant has not sought to serve or served in the past three years as a representative party for a class in an action filed under the federal securities laws (Reese Decl. ¶ 2, Exh. C ¶ 9).

On November 11, 2005, McDaniel Family Trust published on PR Newswire US an announcement of the filing of the instant action and described the claims asserted in the complaint.  The release also stated that the action was on behalf of purchasers and holders of the relevant funds during the class period.  It advised potential class members that could move this Court, by January 10, 2006, for appointment as lead plaintiff (Reese Decl. ¶ 3, Exh. B).

In response, Mr. Siemers moved, as part of a group including individuals and the McDaniel Family Trust, to be appointed lead plaintiff.  That motion was replaced the one now before the Court, seeking appointment of Mr. Siemers only.  He is the only movant seeking lead plaintiff status.  At the hearing on the instant motion, he alleged that he purchased the relevant shares in reliance on advice he believed to be impartial and asserted that he lost about $30,000 on his investment in the funds.

He filed with the Court a certification under penalty of perjury under the laws of the United States that:

1. He reviewed the complaint in this action,

1   2.   He did not purchase the mutual fund shares at the direction of plaintiff's counsel
2        or in order to participate in this action or any other federal securities litigation,
3   3.   He is willing to represent the putative class and to provide testimony at trial and
4        deposition,
5   4.   He will not accept any payment for serving as lead plaintiff beyond his pro rata
6        share of any recovery, except reasonable costs and expenses directly relating to
7        his work as lead plaintiff or approved by the Court.

He also provided the number of shares he owned immediately before the class period and a list of his relevant transactions during the class period (Reese Decl. ¶ 4, Exh. C).

In addition, Mr. Siemers completed this Court's questionnaire for lead-plaintiff candidates, explaining his qualifications. They included earning a master's degree in business administration, previous active involvement in a ERISA class action and availability to travel. He stated that there are no circumstances to his own dispute with defendants that might give rise to issues that would not generally apply against the rest of the class. He has never been sued for fraud nor convicted of a crime (Ct. Questionnaire to Lead-Pl. Candidates, Questions 2, 4, 12, 13).

**ANALYSIS**

Title 15 U.S.C. 77z-1 governs appointment of lead plaintiffs in federal, plaintiff class actions that allege violations of federal domestic-securities statutes. 15 U.S.C. 77z-1(a)(1). The instant action is covered by Section 77z-1 because it alleges violations of 15 U.S.C. 77l(a)(2), among other securities violations (Compl. ¶ 132).

Even if a would-be lead plaintiff was not a plaintiff in the original complaint, he or she may seek appointment to serve as a representative by responding to a required public notice by the original plaintiff or plaintiffs within sixty days of the notice's publication. Section 77z-1(a)(3)(A)(i). Mr. Siemers was not an original plaintiff but moved to be appointed within 60 days of publication of the November 11 notice, when he sought the office as part of a group.

After the time for filing motions passes, the district court must appoint the lead plaintiff it "determines to be most capable of adequately representing the interests of class members."

3

Section 77z-1(a)(3)(B)(i). The court must presume that "the most adequate plaintiff" is the person or group of persons that either filed the complaint or moved for appointment as lead plaintiff in response to the requisite notice, have the largest financial interest – among otherwise qualified lead plaintiffs — in the relief sought by the class, and satisfy the requirements of Federal Rule of Civil Procedure 23. Section 77z-1(a)(3)(B)(iii)(I). The relevant requirements of Rule 23, which governs class actions, are that the lead plaintiff have claims typical of the class and be able to fairly and adequately represent the class's interests. FRCP 23(a)(3)–(4). A lead plaintiff is adequate when he or she selects qualified counsel, is not antagonistic to the class, shares interests with class members and does not appear to be colluding with defendants. *In re N.D. Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982). Normally, no person can serve as a class-action securities lead plaintiff or as an officer, director or fiduciary of such a lead plaintiff more than five times during a three-year period. Section 77z-1(a)(3)(B)(vi).

As noted above, Mr. Siemers timely moved for appointment in response to the notice. As the only movant, he necessarily has the largest financial interest in the relief. His claims are typical of putative class members because he alleges that he purchased and held the relevant shares during the class period, bought and held them in reliance on purported representations that the investment advice he received from one or more of the defendants was unbiased, and lost money on the investments. Mr. Siemers appears ready, willing and able to pursue his duties as lead plaintiff fairly, conscientiously, efficiently and thoroughly. There is no sign that he is colluding with defendants or that he will select unqualified counsel. He is not disqualified by prior service as a lead plaintiff, having not served as one in the prior three-year period.

As lead plaintiff, he will be required to submit a certification pursuant to 15 U.S.C. 77z-1(a)(2)(A). The certification described above substantially meets those requirements.

After appointment, lead plaintiffs in securities class actions such as this one are required to select and retain counsel to represent the class. This selection is subject to the approval of the court. 15 U.S.C. 77z-1(a)(3)(B)(v). As the Court previously explained at the hearing and in the Questionnaire to Lead-Plaintiff Candidates, no counsel will be approved until Mr. Siemers

4

has demonstrated that he has engaged in a diligent and careful search for representation. Mr. Siemers has not yet had an opportunity to do so. The motion to appoint Milberg Weiss Bershad & Schulman LLP therefore is **DENIED**.

## CONCLUSION

Finding that Mr. Siemers meets the statutory requirements, he is **APPOINTED LEAD PLAINTIFF**. By March 2, 2006, he is **ORDERED** to file, *ex parte* and under seal, a declaration stating who he wants the Court to approve as class counsel and describing his process of choosing that counsel. The instant motion to appoint counsel is **DENIED**. Also on March 2, Mr. Siemers **SHALL FILE** the attached certification, if he agrees with its terms.

**IT IS SO ORDERED.**

Dated: February 28, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE