GILBERT R. SEROTA (No. 75305)
Email: gserota@howardrice.com
PATRICIA J. MEDINA (No. 201021)
Email: pmedina@howardrice.com
JASON M. SKAGGS (No. 202190)
Email: jskaggs@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:  415/434-1600
Facsimile:  415/217-5910

Attorneys for WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT, INC., WELLS FARGO FUNDS DISTRIBUTOR, LLC, WELLS FARGO FUNDS TRUST and STEPHENS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD SIEMERS, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, H.D. VEST INVESTMENT SERVICES, LLC, WELLS FARGO INVESTMENTS, LLC, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT INC., STEPHENS INC., WELLS FARGO FUNDS DISTRIBUTOR, LLC, and WELLS FARGO FUNDS TRUST,<br><br>Defendants. | Case No. 05-04518 WHA<br><br>STIPULATION AND [Proposed] ORDER RE INITIAL DISCLOSURES (Fed. R. Civ. P. 26(a)(1)) |

STIPULATION AND [PROPOSED] ORDER RE INITIAL DISCLOSURES

WHEREAS on October 10, 2006, the law firm of Howard Rice Nemerovski Canady Falk & Rabkin ("Howard Rice") was first engaged as counsel for the following defendants:

1. WELLS FARGO FUNDS MANAGEMENT, LLC,
2. WELLS CAPITAL MANAGEMENT, INC.,
3. WELLS FARGO FUNDS DISTRIBUTOR, LLC,
4. WELLS FARGO FUNDS TRUST, and
5. STEPHENS INC.,

(collectively, the "Fund Defendants"), in place of the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), and filed its substitution of counsel causing this change on October 17, 2006,[1]

WHEREAS immediately after the Howard Rice firm was engaged as counsel, it began conferring with the Fund Defendants to request documents and to identify persons that may be subject to Fed. R. Civ. P. 26(a)(1)'s initial disclosure requirement,

WHEREAS the Howard Rice firm also had discussions with lead counsel at Pillsbury to discuss the investigation of claims and defenses by such counsel,

WHEREAS the Howard Rice firm first began receiving documents from the Fund Defendants on October 12, 2006,

WHEREAS a motion to dismiss certain claims in Plaintiff's Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws and for Violation of the Investment Company Act ("SAC") is scheduled to be heard on October 19, 2006,

WHEREAS the Court's Case Management Order, dated September 28, 2006, ordered that "[a]ll initial disclosures under FRCP 26 must be completed by **October 20, 2006**, as to unchallenged claims and **November 17, 2006**, as to all else, on pain of preclusion,"

---

[1] Pillsbury will remain counsel of record for the following defendants: Wells Fargo & Company, H.D. Vest Investment Services, Wells Fargo Investments, LLC.

-1-

STIPULATION AND [PROPOSED] ORDER RE INITIAL DISCLOSURES

1     WHEREAS despite acting immediately upon its engagement to investigate the allegations in the SAC, and any applicable defenses, the investigation that Howard Rice must undertake as new counsel to identify persons and documents that would be subject to initial disclosures for those "unchallenged claims" is expected to extend beyond October 20, 2006,

    WHEREAS because of the potential that matters not disclosed may be subject to "preclusion" in accordance with the Court's September 28, 2006 order, counsel for the Fund Defendants contacted Plaintiff's counsel regarding a possible extension of the October 20, 2006 deadline for the first installment of initial disclosures,

    WHEREAS the Parties have conferred through counsel regarding the initial disclosure deadlines and Howard Rice's recent appearance as counsel for the Fund Defendants,

    WHEREAS because of Howard Rice's recent entry as counsel in this case, Plaintiff's counsel agreed to extend the October 20, 2006 deadline for the Fund Defendants' initial disclosures until November 17, 2006, which is the date for initial disclosures for those claims that are subject to Defendants' motion to dismiss,

    WHEREAS counsel for Plaintiff's agreement to extend the October 20, 2006 deadline for the Fund Defendants' initial disclosures until November 17, 2006 is conditioned upon a reciprocal extension of Plaintiff's initial disclosures on claims that would be otherwise subject to the October 20, 2006 deadline, so that that the initial disclosures are exchanged at the same time as required by Fed. R. Civ. P. 26 (a)(1),

    WHEREAS counsel for the Fund Defendants do not object to counsel for Plaintiff's request to a reciprocal extension,

    WHEREAS counsel for Plaintiff also suggested, and all Defendants' counsel agreed, to extend the deadline for initial disclosures on all claims, challenged or unchallenged, until November 17, 2006, if the Court so approved and ordered,

    WHEREAS all counsel acknowledge that the agreement for extending the October 20, 2006 deadline is subject to Court approval,

-2-

STIPULATION AND [PROPOSED] ORDER RE INITIAL DISCLOSURES

Case 3:05-cv-04518-WHA  Document 147  Filed 10/17/2006  Page 4 of 5

1  WHEREAS there have been no other requests to the Court for an extension of the
2  deadline to exchange Fed. R. Civ. P. 26 initial disclosures because discovery had been
3  stayed until September 28, 2006, pursuant to the provisions of the Private Securities
4  Litigation Reform Act of 1995,

5  WHEREAS the extension of initial disclosures for unchallenged claims does not
6  affect any other Court ordered deadlines,

7  WHEREAS apart from initial disclosures, counsel have served other written discovery
8  requests and responses, and, therefore, are diligently pursuing the investigation of claims and
9  defenses apart from the initial disclosure process.

10  NOW THEREFORE, the Parties stipulate and agree as follows and request the Court
11  approve the following agreement:

12  1. That the deadline for the Fund Defendants' Fed. R. Civ. P. 26(a)(1) initial
13  disclosures on unchallenged claims is extended until November 17, 2006.

14  2. That the deadline for Plaintiff's Fed. R. Civ. P. 26(a)(1) initial disclosures on
15  unchallenged claims is extended until November 17, 2006.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

-3-

STIPULATION AND [PROPOSED] ORDER RE INITIAL DISCLOSURES

3. That the deadline for the other Defendants' (Wells Fargo & Company, H.D. Vest Investment Services, Wells Fargo Investments, LLC) Fed. R. Civ. P. 26(a)(1) initial disclosures on unchallenged claims is extended until November 17, 2006.

DATED: October 17, 2006.   HOWARD RICE NEMEROVSKI CANADY
                               FALK & RABKIN
                            A Professional Corporation

By: /s/
     PATRICIA J. MEDINA

DATED: October 17, 2006.   PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/
     BRUCE A. ERICSON

DATED: October 17, 2006   GUTRIDE SAFIER LLP

By: /s/
     MICHAEL R. REESE

I, Patricia J. Medina, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from each signatory hereto.

/s/
Patricia J. Medina

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 19, 2006.

IT IS SO ORDERED
Judge William Alsup

THE HONORABLE WILLIAM A. ALSUP

-4-

STIPULATION AND [PROPOSED] ORDER RE INITIAL DISCLOSURES