**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIEMERS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO & CO.; WELLS FARGO FUNDS MANAGEMENT, LLC; WELLS CAPITAL MANAGEMENT, INC.; H.D. VEST INVESTMENT SERVICES; WELLS FARGO INVESTMENTS, LLC; STEPHENS, INC.; and WELLS FARGO FUNDS TRUST,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　/ | No. C 05-04518 WHA<br><br><br>**REQUEST FOR FURTHER BRIEFING** |

With respect to the pending motion to file a third amended complaint and to further the Court's understanding of the matter for case management purposes, both sides are requested to file supplemental memoranda limited to 12 pages, double spaced (no footnotes, 12-point font) by **JANUARY 16, 2007**, at **NOON**, with six-page replies to be filed within 48 hours thereafter. All defendants must file together as one side.

　　　1.　　Given that a principal theme of the complaint is that Wells Fargo broker-dealers steered plaintiffs into the subject investments via recommendations, advice, and guidance, please identify and quote the precise sentences in the proposed pleading that specify such recommendations, advice, and guidance. Please do so as to each plaintiff and proposed

plaintiff, including Mr. Siemers. Plaintiffs should state what further allegations they could make in good faith on this subject.

2. Presumably some putative class members were not steered but invested as a result of their own homework. To what extent will this vary from individual to individual and then be an "individualized" issue for Rule 23 purposes?

3. If no recommendation or advice was given by the broker-dealers, then was the alleged undisclosed conflict immaterial, *i.e.*, the conflict mattered only if investment advice was given by the broker-dealer and the advice was followed by the class member?

4. The complaint also alleges the prospectus was misleading for failure to disclose that the fund was being wasted and diminished improperly through excessive fees. As to mutual funds operated and advised by persons *other than* Wells Fargo (such as various Oppenheimer funds), what allegations in the proposed complaint would support a strong inference that the Wells Fargo broker-dealers were aware of the alleged improper and undisclosed diversion from the fund? Put differently, the complaint alleges that the defendant broker-dealers knew they themselves were receiving kickbacks. The source of the kickbacks, however, might have been independent assets of investment advisers. What allegations in the proposed complaint would support a conclusion that the broker-dealers knew the true (alleged) source and that the disclosure in the prospectus about possible payments to the broker-dealer was a half-truth. This question focuses on funds *not* controlled by Wells Fargo and inquires as to how Wells Fargo broker-dealers would have known the inner workings of the independent non-proprietary funds.

5. The proposed complaint challenges the sufficiency of the disclosures in prospectuses for over 90 funds, most of which were independent funds (such as various Oppenheimer funds). Although the complaint alleges that all prospectuses and SAIs were "identical in substance," only one prospectus is actually quoted (Paragraph 88) as to the selection of broker-dealers, the placing of portfolio transactions, and payments to broker-dealers. Have plaintiff's counsel reviewed specifically each and every prospectus and

2

SAI for all 90-plus funds and made sure the language is identical in substance? Regardless, is there a duty to plead each and every specific prospectus and SAI alleged to have been misleading under Section 10(b)?

**IT IS SO ORDERED.**

Dated: January 9, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3