IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIEMERS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO & CO., WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT, INC., H.D. VEST INVESTMENT SERVICES, WELLS FARGO INVESTMENTS, LLC, STEPHENS, INC., and WELLS FARGO FUNDS TRUST,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | No. C 05-04518 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND VACATING HEARING** |

No hearing is required to resolve the discovery dispute set forth in the January 16, 2007, letter from Mr. Gutride.

One vice of revenue sharing is the temptation to misappropriate the investors' money in the common fund to finance ongoing distribution for the benefit of the sponsors of the fund. Recognizing that some subtractions from the common fund can be legitimate, one issue is whether *all* of the subtractions can be justified. Another issue is the sheer size and scope of the subtractions used for ongoing distribution, a question which informs the conflict-of-interest question and the materiality issue. It is important to learn the overall scope of all payments made as part of the process of sorting out how much of it, if any, was improper.

Contrary to defendants, dollars sent to non-affiliated brokers are just as relevant as dollars sent to affiliated brokers. All such dollars are for ongoing distribution, at least arguably. Therefore, defendants may not draw a shroud around their payments to A.G. Edwards and other non-affiliated brokers. Nor may it distinguish between payments for "access" versus payments for "increased access." Plaintiffs are entitled to discover the full scope of hard and soft dollars that went, directly or indirectly, from the Wells Fargo funds at issue or their sponsors to *any* broker during the class period, reserving for trial or summary judgment whether the payments were improper or should have been disclosed.

While not all Wells Fund funds are at issue herein, it is necessary for all payments (to brokers) from any Wells Fargo fund or sponsor to be discovered, so that an intelligent allocation can be made within the class period.

Within **FOURTEEN CALENDAR DAYS**, defendants shall answer in full the amount of hard and soft dollars of any type that went, directly or indirectly, to any broker from any Wells Fargo fund or sponsor, by year, during the alleged class period. This should be identified by broker, by year, by type of payment (*e.g.*, research, commissions, etc.), and source (adviser versus fund). If there is a way to allocate the amounts to the Wells Fargo funds at issue, please do this as well. To the extent reasonably related to the foregoing, please answer the balance of plaintiffs' interrogatories and provide the remaining documents requested within **FOURTEEN CALENDAR DAYS**. Normal sales loads do not have to be identified. The motion to compel is **GRANTED** to the foregoing extent.

This is a final order. It is *not* tentative.

**IT IS SO ORDERED.**

Dated: February 26, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2