1    GILBERT R. SEROTA (No. 75305)
     Email:  gserota@howardrice.com
2    PATRICIA J. MEDINA (No. 201021)
     Email:  pmedina@howardrice.com
3    JASON M. SKAGGS (No. 202190)
     Email:  jskaggs@howardrice.com
4    HOWARD RICE NEMEROVSKI CANADY
             FALK & RABKIN
5    A Professional Corporation
     Three Embarcadero Center, 7th Floor
6    San Francisco, California  94111-4024
     Telephone:     415/434-1600
7    Facsimile:     415/217-5910

8    Attorneys for Defendants
     WELLS FARGO FUNDS MANAGEMENT, LLC,
9    WELLS CAPITAL MANAGEMENT
     INCORPORATED, WELLS FARGO FUNDS
10   DISTRIBUTOR, LLC, WELLS FARGO FUNDS
     TRUST and STEPHENS INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16   RONALD SIEMERS, Individually And On      No. 05-04518 WHA
     Behalf Of All Others Similarly Situated,
17                                            WELLS CAPITAL MANAGEMENT
                    Plaintiff,                INCORPORATED'S ANSWER TO THIRD
18                                            AMENDED CONSOLIDATED CLASS
          v.                                  ACTION COMPLAINT FOR VIOLATION
19                                            OF THE FEDERAL SECURITIES LAWS
     WELLS FARGO & COMPANY, H.D. VEST         AND FOR VIOLATION OF THE
20   INVESTMENT SERVICES, LLC, WELLS          INVESTMENT COMPANY ACT
     FARGO INVESTMENTS, LLC, WELLS
21   FARGO FUNDS MANAGEMENT, LLC,
     WELLS CAPITAL MANAGEMENT INC.,
22   STEPHENS INC., WELLS FARGO FUNDS
     DISTRIBUTOR, LLC, and WELLS FARGO
23   FUNDS TRUST,

24                  Defendants.

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

Defendant Wells Capital Management Incorporated's ("Wells Capital" or "Defendant") hereby responds to Plaintiffs' Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws and For Violation of the Investment Company Act ("TAC").

Page 1, lines 1-7: Defendant lacks knowledge or information sufficient to form a belief about the truth the allegations set forth in on page 1, lines 1-7, and on that basis denies the averments set forth therein.   Defendant believes that there is no evidentiary support for the allegations of wrongdoing by Defendant.

Set forth below are specific admissions and denials of the factual allegations in the TAC.  The paragraph numbers correspond to the paragraph numbers of the TAC.  All allegations not expressly admitted are denied.

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of paragraph 1 of the TAC, and denies that the TAC complies with the Order Identifying Claims To Proceed and Dismissing All Other Claims and Granting Motion To Amend In Part, dated March 9, 2007 (the "Order").   The remainder of paragraph 1 appears to state conclusions about the effect of the Order and Plaintiffs' intent to preserve claims and Plaintiffs' reservations of rights, to which no response is required.

2.     Defendant denies that this case may be appropriately brought as a class action on behalf of the Class defined in the TAC.  All other allegations of paragraph 2 of the TAC are denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Paragraph 8 of the TAC is a conclusion of law to which no response is required. Defendant also avers that Plaintiffs purport to assert causes of action arising from federal statutes, but Defendant denies all liability and denies it engaged in any wrongdoing.

9.     The first sentence of paragraph 9 of the TAC is a conclusion of law to which no response is required.  Defendant denies the allegations in the second sentence of paragraph 9 of the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   TAC. Defendant avers that Wells Fargo & Company is headquartered in San Francisco. All other

2   factual allegations in paragraph 9 of the TAC not expressly admitted are denied.

3       10.    Denied.

4       11.    Defendant denies the allegations of the first sentence of paragraph 11 of the TAC that

5   Siemers was damaged. Defendant lacks knowledge or information sufficient to form a belief about

6   the truth of the allegations set forth in the remainder of paragraph 11 of the TAC.

7       12.    Defendant denies the allegations of the first sentence of paragraph 12 of the TAC that

8   McKenna was damaged. Defendant lacks knowledge or information sufficient to form a belief

9   about the truth of the allegations set forth in the remainder of paragraph 12 of the TAC.

10      13.    Defendant avers that Wells Fargo & Company is the ultimate parent company for all

11  defendants except Stephens Inc. and Wells Fargo Funds Trust. Defendant admits that Plaintiffs

12  sometimes refer to Wells Fargo & Company as the "Control Person Defendant," in the TAC but

13  denies that Wells Fargo & Company has any liability in that capacity. Defendant admits that Wells

14  Fargo & Company is headquartered at 420 Montgomery Street, San Francisco, California.

15  Defendant denies there was any "kickback scheme" and thereby denies the fifth sentence of

16  paragraph 13. Defendant lacks knowledge or information sufficient to form a belief as to the truth

17  of all the remaining characterizations regarding Wells Fargo & Company's services, but refers

18  Plaintiff to Wells Fargo & Company's response to paragraph 13 regarding those services.

19      14.    Defendant avers that Wells Fargo Investments is a broker-dealer. Defendant denies the

20  allegations of the second sentence of paragraph 14 of the TAC. Defendant lacks knowledge or

21  information sufficient to form a belief about the truth of the allegations set forth in the remainder of

22  paragraph 14.

23      15.    Defendant admits that Plaintiffs sometimes refer to "WF Investments" as the

24  "Broker/Dealer Defendant" in the TAC.

25      16.    Defendant admits the allegations in the second and third sentences of paragraph 16 of

26  the TAC. Defendant avers that WFFM is a Delaware limited liability company registered as an

27  investment adviser under the Investment Advisers Act and was formed in early 2001. Defendant

28  denies all other allegations in paragraph 16 of the TAC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

17.     Defendant avers that the responsibilities of and payments to Wells Fargo Funds Management are described in prospectuses and refers Plaintiff to prospectuses for Wells Fargo Advantage Funds, but the allegations of paragraph 17 differ from those descriptions.   Therefore, paragraph 17's allegations are denied.

18.     Defendant admits that as of June 30, 2004, Wells Fargo Funds Management managed over $75 billion in mutual fund assets.   The remainder of paragraph 18 is denied.

19.     Defendant avers that Wells Capital Management Incorporated is a sub-adviser to certain Wells Fargo Advantage Funds, with day-to-day portfolio management responsibilities with respect to those mutual funds.   Defendant further avers that Wells Capital Management is compensated for its services and that it is located at 525 Market Street, San Francisco, California 94105.   All other allegations in paragraph 19 are denied.

20.     Defendant admits that Plaintiffs sometimes refer to Wells Capital Management as the "Investment Sub-Adviser" in the TAC.

21.     Defendant avers that Wells Fargo Funds Distributor is located at the address alleged in paragraph 21, that it is the distributor of the Wells Fargo mutual funds and that it is an affiliated person of Wells Fargo Funds Management.   Defendant denies there is any reference to a "Class Period" in the prospectuses for the Wells Fargo funds and denies that the prospectus referred to in paragraph 21 is accurately quoted.

22.     Defendant admits that Stephens was the distributor of the Wells Fargo mutual funds prior to July 26, 2004.   Defendant admits the second sentence of paragraph 22 of the TAC. Defendant denies there is any reference to a "Class Period" in the prospectuses for the Wells Fargo funds and denies that the prospectus referred to in paragraph 22 is accurately quoted.

23.     Defendant admits that Plaintiffs sometimes refer to Wells Fargo Funds Distributor, LLC and Stephens Inc. as the "Distributor Defendants" in the TAC.

24.     Defendant avers that Wells Fargo Funds Trust is an open-end management company organized in Delaware and is registered with the SEC under the Investment Company Act. Defendant admits that Wells Fargo Funds Trust has its offices at 525 Market Street, San Francisco, California 94105 and is sometimes referred to in the TAC as the "Registrant Defendant."   Defendant

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

avers that Wells Fargo Funds Trust is the Registrant for certain Wells Fargo mutual funds for purposes of filing certain information with the SEC.  All other allegations are denied.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the TAC.

26.    Defendant denies the allegations set forth in the last sentence of paragraph 26 of the TAC.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the TAC.

27.    Denied.

28.    Defendant avers that this paragraph quotes selectively and incompletely from an SEC release accompanying a proposed regulation that the SEC has never adopted.  All remaining allegations in paragraph 28 of the TAC are denied.

29.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the TAC.

30.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 of the TAC.

31.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 of the TAC.

32.    Denied.

33.    Defendant avers that the prospectus and statements of additional information are sources of information available to purchasers of Wells Fargo mutual funds.  All remaining allegations in paragraph 33 of the TAC are denied.

34.    Defendant avers that the requirements for the contents of a prospectus and SAI are prescribed by the Securities and Exchange Commission.  The remaining allegations in paragraph 34 of the TAC purport to be conclusions of law to which no response is required, but to the extent they are allegations of fact, they are denied.

35.    The allegations in the first and second sentences of paragraph 35 of the TAC purport to be statements of law to which no response is required.  Defendant denies the allegations in the last sentence of paragraph 35 of the TAC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

36.     Denied.

37.     Defendant admits that prospectuses were issued annually for Wells Fargo funds. Defendant admits that Karla Rabusch was tendered for a deposition as a corporate representative of Wells Fargo Funds Management, but the reference to her testimony is selective and incomplete, and therefore allegations are denied.  The remainder of allegations in paragraph 37 are denied.

38.     Defendant admits that a February 1, 2000 Stock Fund prospectus covered the funds listed in paragraph 38 of the TAC.  Defendant denies the remaining allegations of paragraph 38 of the TAC.

39.     Defendant avers the excerpted passages quote selectively and incompletely from the Feb. 1, 2000 Stock Fund Prospectus, and all other allegations of paragraph 39 of the TAC are denied.

40.     Denied.

41.     Defendant avers the excerpted passages quote selectively and incompletely from the Feb. 1, 2000 Stock Fund Prospectus, and all other allegations of paragraph 41 of the TAC are denied.

42.     Denied.

43.     Defendant denies that all the passages attributed to the Feb. 1, 2000 Stock Fund Prospectus are accurately quoted in paragraph 43 of the TAC.

44.     Denied.

45.     Defendant denies that all the passages attributed to the Feb. 1, 2000 Stock Fund Prospectus are accurately quoted in paragraph 45 of the TAC.  The remainder of the allegations of paragraph 45 of the TAC are denied.

46.     With respect to the allegations in paragraph 46 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

47.     With respect to the allegations in paragraph 47 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

48.     Defendant avers the excerpted passage quotes selectively and incompletely from the Feb. 1, 2001 Stock Fund Prospectus, and all other allegations of paragraph 48 of the TAC are denied.

49.     Denied.

50.     Defendant denies that all the passages attributed to the Feb. 1, 2001 Stock Fund Prospectus are accurately quoted.

51.     Denied.

52.     With respect to the allegations in paragraph 52 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

53.     With respect to the allegations in paragraph 53 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

54.     Defendant avers that the excerpted passages quote selectively and incompletely from the Feb. 1, 2002 Stock Funds prospectus, and all other allegations are denied.

55.     Denied.

56.     Defendant avers that the excerpted passages quote selectively and incompletely from the Feb. 1, 2002 Stock Funds prospectus, and all other allegations are denied.

57.     Denied.

58.     Defendant avers that the excerpted passages quote selectively and incompletely from the Feb. 1, 2002 Stock Funds prospectus, and all other allegations are denied.

59.     Denied.

60.     With respect to the allegations in paragraph 60 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

61.     Defendant denies that the passage attributed to the Feb. 1, 2002 Stock Funds prospectus is accurately quoted, and denies all other allegations in paragraph 61 of the TAC.

62.     With respect to the allegations in paragraph 62 of the TAC, the referenced documents

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   speak for themselves and Defendant denies they are false and misleading.  All other allegations are

2   denied.

3       63.    Defendant denies that all the passages attributed to the Feb. 1, 2003 Stock Funds

4   prospectus are accurately quoted.

5       64.    Denied.

6       65.    Defendant avers that the excerpted passages quote selectively and incompletely from

7   the Feb. 1, 2003 Stock Funds Prospectus, and all other allegations are denied.

8       66.    Denied.

9       67.    Defendant denies that all the passages attributed to the Feb. 1, 2003 Stock Funds

10  prospectus are accurately quoted.

11      68.    Denied.

12      69.    With respect to the allegations in paragraph 69 of the TAC, the referenced documents

13  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

14  denied.

15      70.    With respect to the allegations in paragraph 70 of the TAC, the referenced documents

16  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

17  denied.

18      71.    With respect to the allegations in paragraph 71 of the TAC, the referenced documents

19  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

20  denied.

21      72.    With respect to the allegations in the first and second sentences of paragraph 72 of the

22  TAC, the referenced documents speak for themselves.  Defendant avers that the excerpted passage

23  quotes selectively and incompletely from the June 9, 2003 Stock Funds Prospectus. All other

24  allegations are denied.

25      73.    Denied.

26      74.    Defendant avers that the excerpted passages quote selectively and incompletely from

27  the June 9, 2003 Stock Funds Prospectus.

28      75.    Denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

76.     Defendant denies that all the passages attributed to the June 9, 2003 Stock Funds Prospectus are accurately quoted.

77.     Denied.

78.     With respect to the allegations in paragraph 78 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

79.     With respect to the allegations in paragraph 79 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

80.     With respect to the allegations in paragraph 80 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

81.     With respect to the allegations in paragraph 81 of the TAC, the referenced documents speak for themselves.  Defendant denies that the passage attributed to the Feb. 1, 2004 Stock Fund prospectus is accurately quoted.  All other allegations are denied.

82.     Denied.

83.     Defendant avers that the excerpted passage quotes selectively and incompletely from in the Feb. 1, 2004 Stock Fund prospectus, and all other allegations are denied.

84.     Denied.

85.     With respect to the allegations in paragraph 85 of the TAC, the referenced documents speak for themselves.  Defendant also avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2004 Stock Fund prospectus, and all other allegations are denied.

86.     Denied.

87.     With respect to the allegations in paragraph 87 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

88.     Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2004 Stock Fund prospectus and all other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

89.    With respect to the allegations in paragraph 89 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

90.    With respect to the allegations in paragraph 90 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

91.    Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2005 Stock Fund prospectus and all other allegations are denied.

92.    Denied.

93.    With respect to the allegations in paragraph 93 of the TAC, the referenced documents speak for themselves.  Defendant avers that paragraph 93 includes selected information from the February 1, 2005 Stock Fund prospectus, but denies that there were any false and misleading statements.

94.    With respect to the allegations in paragraph 94 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

95.    With respect to the allegations in paragraph 95 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

96.    With respect to the allegations in paragraph 96 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

97.    Defendant denies that the passage attributed to the April 11, 2005 Small and Mid Cap Stock Funds prospectus is accurately quoted.

98.    Denied.

99.    Defendant avers that the excerpted passage quotes selectively and incompletely from the April 11, 2005 Wells Fargo Advantage Small and Mid Cap Stock Funds prospectus, and all other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   100.   Denied.

2   101.   With respect to the allegations in paragraph 101 of the TAC, the referenced documents

3   speak for themselves and Defendant denies they are false and misleading.  All other allegations are

4   denied.

5   102.   With respect to the allegations in paragraph 102 of the TAC, the referenced documents

6   speak for themselves and Defendant denies they are false and misleading.  All other allegations are

7   denied.

8   103.   With respect to the allegations in paragraph 103 of the TAC, the referenced documents

9   speak for themselves and Defendant denies they are false and misleading.  All other allegations are

10  denied.

11  104.   With respect to the allegations in paragraph 104 of the TAC, the referenced documents

12  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

13  denied.

14  105.   Defendant avers that the excerpted passage quotes selectively and incompletely from

15  the April 11, 2005 Wells Fargo Equity Gateway Funds prospectus.

16  106.   Denied.

17  107.   Defendant avers that the excerpted passage quotes selectively and incompletely from

18  the April 11, 2005 Equity Gateway Funds prospectus.

19  108.   Denied.

20  109.   With respect to the allegations in paragraph 109 of the TAC, the referenced documents

21  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

22  denied.

23  110.   With respect to the allegations in paragraph 110 of the TAC, the referenced documents

24  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

25  denied.

26  111.   With respect to the allegations in paragraph 111 of the TAC, the referenced documents

27  speak for themselves and Defendant denies they are false and misleading.  All other allegations are

28  denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

112.    With respect to the allegations in paragraph 112 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

113.    With respect to the allegations in paragraph 113 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

114.    Defendant avers that the excerpted passage quotes selectively and incompletely from the April 11, 2005 Wells Fargo Advantage International Stock Funds prospectus, and all other allegations are denied.

115.    Denied.

116.    With respect to the allegations in paragraph 116 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

117.    With respect to the allegations in paragraph 117 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

118.    With respect to the allegations in paragraph 118 of the TAC, the referenced documents speak for themselves and Defendant denies they are false and misleading.  All other allegations are denied.

119.    Defendant avers that Wells Fargo mutual funds prospectuses refer to Statements of Additional Information and the quoted language is reflected in those prospectuses.

120.    Denied.

121.    Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information dated February 1, 2000 for the funds listed in paragraph 120, and all other allegations are denied.

122.    Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

123.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

124.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

125.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120 and paragraph 125 also refers selectively and incompletely to deposition testimony.  All other allegations and characterizations of testimony and documents are denied.

126.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

127.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

128.   Defendant avers that the excerpted passage quotes selectively and incompletely from the Feb. 1, 2000 Statement of Additional Information for the funds listed in paragraph 120, and all other allegations are denied.

129.   Denied.

130.   Defendant avers that the excerpted passage quotes selectively and incompletely from a letter from Wells Fargo Funds Management to the Securities and Exchange Commission and from Ms. Rabush's deposition testimony.  All other allegations and characterizations of testimony and documents are in paragraph 130 of the TAC are denied.

131.   Denied.

132.   Defendants aver that paragraph 132 quotes selectively and incompletely from documents, deny any characterizations regarding them as memorializing "kickbacks" or other improper payments, and otherwise deny the allegations of paragraph 132 of the TAC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

133. Defendants aver that paragraph 133 quotes selectively and incompletely from documents, deny any characterizations regarding them as memorializing "kickbacks" or other improper payments, and otherwise deny the allegations of paragraph 133 of the TAC.

134. Denied.

135. Defendants aver that paragraph 135 quotes selectively and incompletely from documents, deny any characterizations regarding them as memorializing "kickbacks" or other improper payments, and otherwise deny the allegations of paragraph 135 of the TAC.

136. Defendants aver that paragraph 136 quotes selectively and incompletely from documents, deny any characterizations regarding them as memorializing "kickbacks" or other improper payments, and otherwise deny the allegations of paragraph 136 of the TAC.

137. Defendants aver that paragraph 137 quotes selectively and incompletely from documents, deny any characterizations regarding them as memorializing "kickbacks" or other improper payments, and otherwise deny the allegations of paragraph 137 of the TAC.

138. Defendants aver that paragraph 138 quotes selectively and incompletely from documents and deny the characterizations of the document and any other allegations in paragraph 138 of the TAC.

139. Defendants aver that paragraph 139 quotes selectively and incompletely from documents and deny the characterizations of the document and any other allegations in paragraph 139 of the TAC.

140. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 140 of the TAC, and they are therefore denied.

141. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 141 of the TAC, and they are therefore denied.

142. Denied.

143. With respect to the allegations in paragraph 143 of the TAC, the referenced document speaks for itself, and Defendant denies the characterizations of the document and any other allegations in paragraph 143 of the TAC.

144. With respect to the allegations in paragraph 144 of the TAC, the referenced document

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

speaks for itself and is quoted selectively and incompletely.  All other allegations in paragraph 144 are denied.

145.   With respect to the allegations in paragraph 145 of the TAC, Defendant avers the document speaks for itself and is quoted selectively, incompletely, and incorrectly.  Defendant denies all allegations of wrongdoing that Plaintiffs may contend are evidenced or associated with this document and denies the remaining allegations in paragraph 145 of the TAC.

146.   With respect to the allegations in paragraph 146 of the TAC, Defendant avers the document speaks for itself.  Defendant denies all allegations of wrongdoing that Plaintiffs may contend are evidenced or associated with this document.

147.   With respect to the allegations in paragraph 147 of the TAC, Defendant avers the document speaks for itself and is quoted selectively, incompletely, and incorrectly.  Defendant denies all allegations of wrongdoing that Plaintiffs may contend are evidenced or associated with this document and denies the remaining allegations in paragraph 147 of the TAC.

148.   With respect to the allegations in paragraph 148 of the TAC, Defendant avers the document speaks for itself and is quoted selectively, incompletely, and incorrectly.  Defendant denies all allegations of wrongdoing that Plaintiffs may contend are evidenced or associated with this document and denies the remaining allegations in paragraph 148 of the TAC.

149.   With respect to the allegations in paragraph 149 of the TAC, Defendant avers the document speaks for itself and is quoted selectively and incompletely.  Defendant denies all allegations of wrongdoing that Plaintiffs may contend are evidenced or associated with this document and denies the remaining allegations in paragraph 149 of the TAC.

150.   Defendant denies the allegations of paragraph 150 of the TAC that any payments were improper or violated any law.  Defendants admit that a calculation of fees paid to broker dealers has been performed, but Defendants deny the remaining allegations and characterizations of those payments set forth in paragraph 150 of the TAC.

151.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 151 of the TAC about Plaintiffs' "belief."  Defendant avers that the documents referenced in paragraph 151 speak for themselves and otherwise deny the allegations in

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   paragraph 151 of the TAC.

2   152.   Defendant denies that paragraph 152 accurately characterizes the statements of

3   counsel.

4   153.   Denied.

5   154.   Denied.

6   155.   Denied.

7   156.   Defendant lacks knowledge or information sufficient to form a belief about the truth of

8   the allegations set forth in paragraph 156 of the TAC, and they are therefore denied.  Defendant

9   further states that the documents described in paragraph 156 speak for themselves.

10   157.   Denied.

11   158.   Defendant avers that Ms. Rabush's testimony is quoted selectively and incompletely

12   and denies the characterizations and other allegations set forth in paragraph 158 of the TAC.

13   159.   Defendant lacks knowledge or information sufficient to form a belief about the truth of

14   the general allegations in the first sentence of paragraph 159 of the TAC but is informed that

15   plaintiff Seimers did not pay commissions or fees to transfer certain investments from one fund to

16   another.  Defendant denies the remaining allegations in paragraph 159 of the TAC.  page 70, lines 3-

17   16 (are not a numbered paragraph): Defendant lacks knowledge or information sufficient to form a

18   belief about the truth of the allegations set forth in this portion of the TAC, and they are therefore

19   denied.

20   160.   Defendant lacks knowledge or information sufficient to form a belief about the truth of

21   the allegations set forth in paragraph 160 of the TAC, and they are therefore denied.

22   161.   Denied.

23   162.   Denied.

24   163.   Defendant avers that paragraph 163 quotes selectively and incompletely from a

25   prospectus for Wells Fargo Advantage Large Cap Stock Funds and includes emphases not found in

26   the prospectus, and denies the remaining allegations set forth in paragraph 163 of the TAC.

27   164.   Denied.

28   165.   Defendant avers that paragraph 165 quotes selectively and incompletely from Ms.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  Rabush's testimony, which speaks for itself, but otherwise denies the allegations in paragraph 165 of

2  the TAC.

3      166.    Denied.

4      167.    Denied.

5      168.    Denied.

6      169.    Denied.

7      170.    Denied.

8      171.    Denied.

9      172.    The statements set forth in paragraph 172 of the TAC purport to be conclusions of law

10  to which no response is required, but to the extent that any statement is intended to be an allegation

11  of fact, it is denied.

12      173.    Denied.

13      174.    The statements set forth in the third sentence of paragraph 174 appears to be

14  conclusions of law, to which no response is required, but to the extent that any statement is intended

15  to be an allegation of fact, it is denied.  Because of the generality of the remainder of paragraph 174,

16  Defendant lacks knowledge or information sufficient to form a belief about the truth of the

17  remaining allegations in the last sentence of paragraph 174 of the TAC.

18      175.    The statements set forth in the first sentence of paragraph 175 of the TAC purport to be

19  conclusions of law to which no response is required, but to the extent that any statement is intended

20  to be an allegation of fact, it is denied.  Because of the generality of the remainder of paragraph 175,

21  Defendant lacks knowledge or information sufficient to form a belief about the truth of these

22  allegations in paragraph 175 of the TAC.

23      176.    With respect to the allegations in paragraph 176 of the TAC, Defendant avers that a

24  mutual fund may pay shareholder service and administrative fees without adopting a 12b-1 plan.

25  Because of the generality of the allegations in the last sentence of paragraph 176, Defendant lacks

26  knowledge or information sufficient to form a belief about the truth of those allegations.  The

27  remaining allegations in paragraph 176 are denied.

28      177.    Because of the generality of the allegations in paragraph 177, Defendant lacks

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 of the TAC.

178.    Because of the generality of the allegations in paragraph 178 of the TAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 of the TAC.

179.    The statements set forth in paragraph 179 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact that any Wells Fargo fund paid excessive fees or that any defendant charged excessive fees, it is denied.

180.    Denied.

181.    The excerpt set forth in paragraph 181 speaks for itself and the remainder of the allegations in paragraph 181 of the TAC are denied.

182.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 of the TAC.

183.    Denied.

184.    With respect to paragraph 184 of the TAC, Defendant avers that the cited document speaks for itself, and otherwise denies the allegations set forth in paragraph 184 of the TAC.

185.    With respect to paragraph 185 of the TAC, Defendant avers that the cited document speaks for itself, and otherwise denies the allegations set forth in paragraph 185 of the TAC.

186.    With respect to paragraph 186 of the TAC, Defendant avers that the cited document speaks for itself, and otherwise denies the allegations set forth in paragraph 186 of the TAC.

187.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187 of the TAC.

188.    Denied.

189.    Denied.

190.    With respect to paragraph 190 of the TAC, the quotation appears to be a selective and incomplete passage from the cited article.

191.    With respect to paragraph 191 of the TAC, Defendant avers that the cited document

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   speaks for itself, and otherwise denies the allegations set forth in paragraph 191 of the TAC.

2       192.    With respect to paragraph 192 of the TAC, Defendant avers that the cited document

3   speaks for itself, and otherwise denies the allegations set forth in paragraph 191 of the TAC.

4       193.    With respect to paragraph 193 of the TAC, Defendant avers that the cited document

5   speaks for itself, and otherwise denies the allegations set forth in paragraph 193 of the TAC.

6       194.    With respect to paragraph 194 of the TAC, Defendant avers that the cited document

7   speaks for itself, and otherwise denies the allegations set forth in paragraph 194 of the TAC.

8       195.    With respect to paragraph 195 of the TAC, Defendant avers that the cited document

9   speaks for itself, and otherwise denies the allegations set forth in paragraph 195 of the TAC.

10      196.    With respect to paragraph 196 of the TAC, Defendant denies that there is a July 1,

11  2005 prospectus that contains the referenced information.  Defendant further responds that the

12  referenced documents speak for themselves and that only selective and incomplete information has

13  been included from those documents.  Defendant denies the remaining allegations set forth in

14  paragraph 196 of the TAC.

15      197.    With respect to paragraph 197 of the TAC, Defendant avers that the referenced

16  documents speak for themselves and that only selective and incomplete information has been

17  included from those documents.  Defendant denies the remaining allegations set forth in paragraph

18  197 of the TAC.

19      198.    With respect to paragraph 198 of the TAC, Defendant avers that the referenced

20  documents speak for themselves and that only selective and incomplete information has been

21  included from those documents.  Defendant denies the remaining allegations set forth in paragraph

22  198 of the TAC.

23      199.    With respect to paragraph 199 of the TAC, Defendant avers that the referenced

24  documents speak for themselves and that only selective and incomplete information has been

25  included from those documents.  Defendant denies the remaining allegations set forth in paragraph

26  199 of the TAC.

27      200.    With respect to paragraph 200 of the TAC, Defendant avers that the referenced

28  documents speak for themselves and that only selective and incomplete information has been

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   included from those documents.  Defendant denies the remaining allegations set forth in paragraph
2   200 of the TAC.

3      201.   Denied.

4      202.   Denied.

5      203.   Denied.

6      204.   Defendant lacks knowledge or information sufficient to form a belief about the truth of
7   the allegations in paragraph 204 of the TAC, but avers that the allegations appear to contain a
8   selective and incomplete passage from the cited article.

9      205.   Defendant denies that the article quoted in paragraph 205 is correctly quoted.

10     206.   Defendant lacks knowledge or information sufficient to form a belief about the truth of
11  the allegations in paragraph 206 of the TAC, and they are therefore denied.

12     207.   Defendant lacks knowledge or information sufficient to form a belief about the truth of
13  the allegations in paragraph 207 of the TAC, and they are therefore denied.

14     208.   Denied.

15     209.   Defendant lacks knowledge or information sufficient to form a belief about the
16  allegations in paragraph 209 of the TAC because the cited article could not be accessed, and,
17  therefore, the allegations are denied.

18     210.   Defendant lacks knowledge or information sufficient to form a belief about the
19  allegations in paragraph 210 of the TAC because the cited article could not be accessed, and,
20  therefore, the allegations are denied.

21     211.   Defendant lacks knowledge or information sufficient to form a belief about the
22  allegations in paragraph 211 of the TAC because the cited article could not be accessed, and,
23  therefore, the allegations are denied.

24     212.   Defendant lacks knowledge or information sufficient to form a belief about the
25  allegations in paragraph 212 of the TAC because the cited article could not be accessed, and,
26  therefore, the allegations are denied.

27     213.   Defendant lacks knowledge or information sufficient to form a belief about the
28  allegations in paragraph 213 of the TAC because the cited article could not be accessed, and,

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    therefore, the allegations are denied.

2         214.    Defendant lacks knowledge or information sufficient to form a belief about the

3    allegations in paragraph 214 of the TAC because the cited article could not be accessed, and,

4    therefore, the allegations are denied.

5         215.    Defendant lacks knowledge or information sufficient to form a belief about the truth of

6    the allegations in paragraph 215 of the TAC, and they are therefore denied.

7         216.    Denied.

8         217.    Denied.

9         218.    Denied.

10        219.    Denied.

11        220.    Denied.

12        221.    Defendant lacks knowledge or information sufficient to form a belief about the truth of

13   the allegations in the first sentence of paragraph 221 of the TAC, and, therefore, the allegations in

14   the first sentence are denied.   The remaining allegations in paragraph 221 are denied.

15        222.    Because of their generality, Defendant lacks knowledge or information sufficient to

16   form a belief about the truth of the allegations in paragraph 222 of the TAC.  Defendant also avers

17   that the cited document speaks for itself, and otherwise denies the allegations set forth in paragraph

18   222 of the TAC.

19        223.    With respect to paragraph 223 of the TAC, Defendant avers that on or about June 8,

20   2005, the NASD announced settlements of administrative proceedings with a number of broker

21   dealers.  That announcement speaks for itself, and to the extent that this paragraph characterizes and

22   quotes from the announcement or the letters referenced in paragraph 223, those documents speak for

23   themselves and Defendant denies Plaintiffs' characterizations of them.

24        224.    Defendant avers that the cited document speaks for itself, and otherwise denies the

25   allegations set forth in paragraph 224 of the TAC.

26        225.    Denied.

27        226.    Defendant avers that the cited documents speaks for themselves, and otherwise denies

28   the allegations set forth in paragraph 226 of the TAC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

227.    The allegations in the first four sentences of paragraph 227 of the TAC appear to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.  The remaining allegations of paragraph 227 are denied.

228.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 of the TAC, and they are therefore denied.

229.    Denied.

230.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 230 because of their generality and they represent a commentary across the entire mutual entire industry without regard to time and without any context, and, therefore, the allegations in paragraph 230 are denied.  Defendants further respond that excerpted passage quotes selectively and incompletely from the referenced article.

231.    With respect to the allegations set forth in paragraph 231 of the TAC, Defendants aver that the cited Report speaks for itself and denies all other allegations in paragraph 231.

232.    With respect to the allegations set forth in paragraph 232, Defendants aver that the cited Report speaks for itself and the statements set forth in paragraph 232 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

233.    The statements set forth in paragraph 233 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

234.    The statements set forth in paragraph 234 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

235.    The statements set forth in paragraph 235 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

236.    Defendant avers that the individuals listed in paragraph 236 of the TAC serve or formerly served as Trustees at one point for the Wells Fargo Funds Trust, but denies the remaining

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    allegations.

2         237.   Denied.

3         238.   Denied.

4         239.   Defendant also avers that the cited documents speak for themselves, and otherwise

5    denies the allegations set forth in paragraph 239 of the TAC.

6         240.   Denied.

7         241.   Denied.

8         242.   With respect to the allegations in paragraph 242 of the TAC, Defendant avers that the

9    referenced article speaks for itself and denies the remaining allegations in paragraph 242.

10        243.   Denied.

11        244.   Denied.

12        245.   Denied.

13        246.   Defendant lacks knowledge or information sufficient to form a belief about the truth of

14   the allegations in paragraph 246 of the TAC.

15        247.   Defendant lacks knowledge or information sufficient to form a belief about the truth of

16   the allegations in paragraph 247 of the TAC.

17        248.   Defendant avers that the referenced article speaks for itself but otherwise Defendant

18   lacks knowledge or information sufficient to form a belief about the truth of the allegations in

19   paragraph 248 of the TAC.  Defendant further responds that the statements contained in footnote 17

20   to paragraph 248 purport to be conclusions of law, to which no response is required, but to the

21   extent to which any statement intends to be an allegation of fact, it is denied.

22        249.   With respect to the allegations of paragraph 249, Defendant avers that the referenced

23   article speaks for itself but otherwise Defendant lacks knowledge or information sufficient to form a

24   belief about the truth of the allegations in paragraph 249 of the TAC.

25        250.   Denied.

26        251.   Denied.

27        252.   Denied.

28        253.   Denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

254.   Denied.

255.   Denied.

256.   Denied.

257.   With respect to the allegations in paragraph 257 of the TAC, the cited document speaks for itself, and Defendant otherwise denies the allegations of paragraph 257.

258.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258 of the TAC.

259.   Defendant denies any wrongdoing and therefore denies the allegations of paragraph 259 of the TAC.

260.   Defendant denies that there was ever any falsehood or misrepresentation and therefore denies the allegations of paragraph 260 of the TAC.

261.   Defendant denies that any member of the putative class was damaged as alleged in paragraph 261 of the TAC and denies that a class as described in paragraph 261 of the TAC should be certified.  Defendant avers that Plaintiffs purport to bring this action (except for Counts I and IV) on behalf of the putative class described in paragraph 261.  All other allegations in paragraph 261 of the TAC are denied.

262.   Defendant avers that Plaintiffs purport to bring Count I of this action on behalf of only some members of the putative class, but Defendant denies that a "Subclass" as described in paragraph 262 of the TAC should be certified.  All other allegations in paragraph 262 of the TAC are denied.

263.   Defendant denies any liability under Count VI.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Count I is not alleged against Defendant, but to the extent any allegation of fact against Defendant is incorporated into Count I, it is denied.

268.   Count I is not alleged against Defendant, but to the extent any allegation in paragraph 268 is asserted against Defendant, it is denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

269.     Count I is not alleged against Defendant, but to the extent any allegation in paragraph 269 is asserted against Defendant, it is denied.

270.     Count I is not alleged against Defendant, but to the extent any allegation in paragraph 270 is asserted against Defendant, it is denied.

271.     Count I is not alleged against Defendant, but to the extent any allegation in paragraph 271 is asserted against Defendant, it is denied.

272.     Count I is not alleged against Defendant, but to the extent any allegation in paragraph 272 is asserted against Defendant, it is denied.

273.     Count II is not alleged against Defendant, but to the extent any allegation of fact against Defendant is incorporated into Count II, it is denied.

274.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 274 is asserted against Defendant, it is denied.

275.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 275 is asserted against Defendant, it is denied.

276.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 276 is asserted against Defendant, it is denied.

277.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 277 is asserted against Defendant, it is denied.

278.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 278 is asserted against Defendant, it is denied.

279.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 279 is asserted against Defendant, it is denied.

280.     Count II is not alleged against Defendant, but to the extent any allegation in paragraph 280 is asserted against Defendant, it is denied.

281.     Count III is not alleged against Defendant, but to the extent any allegation of fact against Defendant is incorporated into Count III, it is denied.

282.     Count III is not alleged against Defendant, but to the extent any allegation in paragraph 282 is asserted against Defendant, it is denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

283. Count III is not alleged against Defendant, but to the extent any allegation in paragraph 283 is asserted against Defendant, it is denied.

284. Count III is not alleged against Defendant, but to the extent any allegation in paragraph 284 is asserted against Defendant, it is denied.

285. Count III is not alleged against Defendant, but to the extent any allegation in paragraph 285 is asserted against Defendant, it is denied.

286. Count III is not alleged against Defendant, but to the extent any allegation in paragraph 286 of the TAC is asserted against Defendant, it is denied.

287. Defendant denies that the "fraud on the market" presumption applies to the Wells Fargo mutual funds and denies the allegations of paragraph 287 of the TAC.

288. Defendant denies that the "fraud on the market" presumption applies to the Wells Fargo mutual funds and denies the allegations of paragraph 288 of the TAC.

289. Count IV is not alleged against Defendant, but to the extent any allegation of fact against Defendant is incorporated into Count IV, it is denied.

290. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 290 of the TAC is asserted against Defendant, it is denied.

291. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 291 is asserted against Defendant, it is denied. In particular, Defendant denies that it was a "primary participant[] in the wrongful and illegal conduct and scheme" as alleged in paragraph 291 of the TAC.

292. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 292 is asserted against Defendant, it is denied.

293. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 293 is asserted against Defendant, it is denied.

294. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 294 is asserted against Defendant, it is denied.

295. Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 295 is asserted against Defendant, it is denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

296.   Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 296 is asserted against Defendant, it is denied.

297.   Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 297 is asserted against Defendant, it is denied.

298.   Count IV is not alleged against Defendant, but to the extent any allegation in paragraph 298 is asserted against Defendant, it is denied.

299.   Count V is not alleged against Defendant, but to the extent any allegation of fact against Defendant is incorporated into Count V, it is denied.

300.   Count V is not alleged against Defendant, but to the extent any allegation in paragraph 300 is asserted against Defendant, it is denied.

301.   Count V is not alleged against Defendant, but to the extent any allegation in paragraph 301 is asserted against Defendant, it is denied.

302.   Count V is not alleged against Defendant, but to the extent any allegation in paragraph 302 is asserted against Defendant, it is denied.

303.   Count V is not alleged against Defendant, but to the extent any allegation in paragraph 303 is asserted against Defendant, it is denied.

304.   Defendant incorporates by reference its responses to the allegations that are incorporated by reference in paragraph 304 of the TAC.

305.   Defendant admits that plaintiff Siemers purports to bring this claim as described in paragraph 305, but denies that it breached any fiduciary duties and denies all remaining allegations in paragraph 305 of the TAC.

306.   The statements set forth in paragraph 306 of the TAC purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

307.   Denied.

308.   Denied.

Page 121, lines 1-13, "Prayer for Relief": Defendant denies that it is proper to determine this action is a class action and deny that a class should be certified with Plaintiffs as class

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   representatives.  Defendant further denies that that the relief requested in items (b)-(e) should be

2   awarded.

3       Page 121, lines 14-15, "Jury Trial Demanded":  Defendant demands a jury trial for only those

4   claims subject to trial by jury.

5       All allegations in the TAC not specifically addressed above are denied.

6

7                          **AFFIRMATIVE DEFENSES**

8                          **FIRST AFFIRMATIVE DEFENSE**

9       The TAC and each of its purported claims fail to state a claim upon which relief can be

10  granted.

11                        **SECOND AFFIRMATIVE DEFENSE**

12      The TAC fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules

13  of Civil Procedure and/or the Private Securities Litigation Reform Act.

14                        **THIRD AFFIRMATIVE DEFENSE**

15      Plaintiffs' claims and the claims of some or all members of the putative class are barred by the

16  applicable statues of limitation (including but not limited to Section 13 of the Securities Act of 1933,

17  as amended 15 U.S.C. §77m) and by the doctrine of laches.

18                        **FOURTH AFFIRMATIVE DEFENSE**

19      Some or all of the misrepresentations and/or omissions alleged in the TAC are forward-

20  looking statements and therefore the statutory "safe harbor" provision set forth in section 27A of the

21  Securities Act of 1933, 15 U.S.C. §77z-2, preclude any recovery based on these statements.

22                        **FIFTH AFFIRMATIVE DEFENSE**

23      The claims of some or all of the members of the alleged class are barred in whole or in part

24  because Defendant acted at all times in good faith and/or did not know, and in the exercise of

25  reasonable care could not have known, or had reasonable grounds to believe, that any misstatements

26  or omissions of material fact existed in any mutual fund prospectus or SAI.

27                        **SIXTH AFFIRMATIVE DEFENSE**

28      With respect to all parts of any mutual fund prospectus or SAI not purporting to be made on

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   the authority of an expert, not purporting to be a copy of or an extract from a report or valuation of

2   an expert and not purporting to be made on the authority of a public official document or statement,

3   Defendant had reasonable ground to believe and did believe, at the time such part of the prospectus

4   or SAI became effective, that the statements therein were true and that there was no omission to

5   state a material fact required to be stated therein or necessary to make the statements therein not

6   misleading.

7   **SEVENTH AFFIRMATIVE DEFENSE**

8   With respect to all parts of any mutual fund prospectus or SAI that were purported to be made

9   on the authority of an expert or purported to be a copy of or an extract from a report or valuation of

10  an expert, Defendant had no reasonable ground to believe and did not believe, at the time such part

11  of the prospectus or SAI became effective, that the statements therein were untrue or that there was

12  an omission to state a material fact required to be stated therein or necessary to make the statements

13  therein not misleading, or that such parts of the public disclosure did not fairly represent the

14  statement of the expert or were not fair copies or extracts from the report or valuation of the expert.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  Defendant's acts and omissions were undertaken in good-faith reliance on then-current

17  guidelines and representations made by the SEC.

18  **NINTH AFFIRMATIVE DEFENSE**

19  Defendant acted at all times in good faith and did not directly or indirectly induce any act or

20  conduct alleged by the TAC to constitute a violation of law.

21  **TENTH AFFIRMATIVE DEFENSE**

22  The damages alleged by Plaintiffs and by members of the putative class are not damages

23  legally cognizable under sections 12(a)(2) and 12(b) of the Securities Act of 1933 or section 10b or

24  Rule 10b-5 of the Securities Exchange act of 1934.

25  **ELEVENTH AFFIRMATIVE DEFENSE**

26  Some or all of the purported damages of members of the putative class were caused by

27  factors other than the misstatements and omissions alleged in the TAC and thus are barred as

28  damages.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of the purported damages of members of the alleged class were declines in the market value of the underlying securities held by mutual funds not caused by the misstatements and omissions alleged in the TAC and thus are barred as damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the members of the putative class failed to act reasonably to protect themselves from, or to mitigate, any of the damages they allegedly suffered.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the members of the alleged class would be unjustly enriched if they were allowed to recover anything in the action.

### FIFTEENTH AFFIRMATIVE DEFENSE

The losses, if any, of some or all of the members of the alleged class are speculative or uncertain and, thus, not compensable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims that may be asserted individually and/or on behalf of a putative class are barred by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and some or all members of the alleged class have failed or will fail to tender the mutual funds that are the basis of the liability and damages alleged in the TAC.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions allegedly undertaken by Defendant were not material to the investment decisions of a reasonable investor.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant contends that this lawsuit should not proceed as a class action on the grounds that, inter alia, the named plaintiffs lack standing to represent the purported class, and are not typical of, and do not and cannot fairly and adequately represent the purported plaintiff class, and because a class action will not be superior to other methods available for the adjudication of this controversy.

1    Defendant may have other affirmative defenses against the purported plaintiff class members, and

2    reserve the right to assert such defenses in a timely fashion after the facts to support such defenses

3    become known to them.

4    **TWENTIETH AFFIRMATIVE DEFENSE**

5    Plaintiffs, by purchasing shares of a particular fund and reinvesting, agreed with, accepted,

6    endorsed and otherwise approved the level of challenged fees. Accordingly, Plaintiffs are estopped

7    and otherwise barred from complaining about those fees.

8    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

9    To the extent Plaintiffs or any member of the alleged class continued to own the funds at

10    issue herein, they are barred from any award of money damages with respect thereto.

11    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12    Defendant reserves the right to assert any additional defenses that may become available

13    and appropriate as the investigation of Plaintiffs' claims continues. Defendant also reserves the

14    right to assert any defense asserted by any other Defendant as may be appropriate

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

**PRAYER FOR RELIEF**

2        WHEREFORE, Defendant prays that:

3        1.      Plaintiffs, and all members of the alleged class, taken nothing by the TAC;

4        2.      The TAC be dismissed in its entirety with prejudice and judgment be entered for

5    Defendant;

6        3.      Defendant be awarded its costs of suit, attorneys' fees and expert witness fees; and

7        4.      Defendant be awarded such other further relief as the Court may deem proper.

8

DATED:  April 12, 2007.

9

10                                              GILBERT R. SEROTA
                                                PATRICIA J. MEDINA
11                                              JASON M. SKAGGS
                                                HOWARD RICE NEMEROVSKI CANADY
12                                                    FALK & RABKIN
                                                A Professional Corporation

13

14                                              By: _____/s/_____
                                                        PATRICIA J. MEDINA

15
                                                Attorneys for WELLS FARGO FUNDS
16                                              MANAGEMENT, LLC, WELLS CAPITAL
                                                MANAGEMENT, INC., WELLS FARGO FUNDS
17                                              DISTRIBUTOR, LLC, WELLS FARGO FUNDS
                                                TRUST and STEPHENS INC.

18

19

20

21

22

23

24

25

26

27

28