**GUTRIDE SAFIER REESE LLP**
Michael R. Reese (Cal. State Bar No. 206773)
Kim E. Richman (admitted *pro hac vice*)
230 Park Avenue, Suite 963
New York, New York  10169
Telephone:     (212) 579-4625
Facsimile:     (212) 253-4272

- and -

**GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
Kate J. Stoia (Cal. State Bar No. 183471)
835 Douglass Street
San Francisco, California 94114
Telephone:  (415) 271-6469
Facsimile:   (415) 449-6469

*Court Appointed Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD SIEMERS and FORREST MCKENNA, Individually And On Behalf Of All Others Similarly Situated, | Case No. 05-04518 WHA |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| WELLS FARGO & COMPANY, WELLS FARGO INVESTMENTS, LLC, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT INC., STEPHENS INC., WELLS FARGO FUNDS DISTRIBUTOR, LLC, and WELLS FARGO FUNDS TRUST, | Date:          May 17, 2007 Time:          8:00 a.m. Honorable William H. Alsup |
| Defendants. | |

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
Case No.:  05-cv-4518 (WHA)

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................1

II.   ISSUE PRESENTED .........................................................................................2

III.   STATEMENT OF FACTS .................................................................................2

IV.   ARGUMENT .......................................................................................................4

    A.   This Motion For Judgment On The Pleadings Must Be Denied
        According To The Rules For Summary Judgment..............................................4

    B.   Defendants Fail to Carry Their Burden to Show That Mr. Siemers
        Has Not Suffered Damages Cognizable Under Section 12(a)(2).......................5

        1.   Section 12(a)(2) Requires Computation Of Interest. .............................5

        2.   The Interest Rate Can Be Set Only After Resolving Fact Issues...........6

        3.   Using An Appropriate Interest Rate, Mr. Siemers Can
            Demonstrate Section 12 Losses. ............................................................7

    C.   Because Of The Existence Of Triable Issues On Counts I And II,
        Judgment Also Cannot Be Entered On Count III. ...........................................10

V.   CONCLUSION ..................................................................................................10

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*Ballay v. Legg Mason Wood Walker, Inc.*, C.A. No. 88-6867, 1990 U.S. Dist. LEXIS

4
    4412, *4-5 (E.D. Pa. April 13, 1990) .............................................................5, 6

5
*Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004) .............................................4

6
*In re Intel Sec. Litig.*, 89 F.R.D. 104 (N.D. Cal. 1981) ...................................................6

7
*Johns Hopkins University v. Hutton*, 297 F. Supp. 1165, 1229 (D. Md. 1968), *aff'd in*
    *part and rev'd in part on other grounds*, 422 F.2d 1124 (4th Cir. 1970) ...........................7

8
*Mecca v. Gibraltar Corp.*, 746 F. Supp. 338, 349 (S.D.N.Y. 1990) ................................7

9
*Randall v. Loftsgaarden*, 478 U.S. 647, 659 (1986) ...................................................5, 6

10
*Randall*, 478 U.S. at 359 ..................................................................................................5

11
*Siemers v. Wells Fargo et al.*, No C 05-4518 WHA, 2006 U.S Dist. LEXIS 60858, *37-
    38 (N.D. Cal. Aug. 14, 2006) ........................................................................................2

12
*U.S. Indus. v Touche Ross & Co.*, 854 F.2d 1223, 1257, n. 49 (10th Cir. 1988) .............6

13

14

**STATUTES**

15
15 U.S. C. § 77k .............................................................................................................. 6

16
15 U.S.C. § 77*l* .......................................................................................................*passim*

17

18

**RULES**

19
Fed. R. Civ. P. 12(c) .................................................................................................. 2, 4

20

21

22

23

24

25

26

27

28

1    Plaintiffs respectfully submit this opposition to Defendant's Motion for Judgment on the

2  Pleadings.

3  **I.      INTRODUCTION**

4    Defendants Wells Fargo Investments, LLC; Wells Fargo Funds Distributors, LLC; Wells

5  Fargo Funds Trust; Wells Fargo & Co. and Stephens, Inc. jointly move for judgment on the

6  pleadings on Counts I, II and III of the Third Amended Complaint ("Complaint"), which arise

7  under the Securities Act of 1933.  No Defendant has sought judgment with respect to Counts IV,

8  V or VI, which arise under the Securities Exchange Act of 1934 or the Investment Company Act

9  of 1940.

10    Defendants' motion for judgment on the pleadings is limited to two narrow issues.  First,

11  Defendants contend that Mr. McKenna may not make section 12(a)(2) claims regarding his

12  purchases of any of the Wells Fargo funds, and Mr. Siemers may not make such claims regarding

13  his purchases of *some* of the Wells Fargo Funds, because those purchases occurred more than

14  three years before the complaint was filed.  Second, Defendants contend that as to the remaining

15  Wells Fargo funds that Mr. Siemers purchased less than three years before the complaint was

16  filed, he cannot make a section 12(a)(2) claim because he did not sustain a loss.

17    With respect to the first question—the statute of limitations—Plaintiffs concede the point.

18  Indeed, neither Plaintiff intended to plead any section 12(a)(2) claims in the Third Amended

19  Complaint with regard to purchases made more than three years before the filing of the

20  Complaint.  Plaintiffs agree that Mr. McKenna cannot plead a claim under the 1933 Act with

21  respect to his purchases of the Wells Fargo funds.  Plaintiffs also agree that Mr. Siemers cannot

22  plead a claim under the 1933 Act with respect to his purchases of the Wells Fargo funds before

23  November 2002.  As Defendants admit, however, Mr. Siemers did make purchases of the Wells

24  Fargo Small Cap Growth Fund, Wells Fargo Diversified Equity Fund, and Wells Fargo

25  Emerging Markets Fund after November 2002, and the 1933 Act claims as to those purchases are

26  not time-barred.  As the Court ruled on the first motion to dismiss, "[n]o plaintiff can maintain an

27  action for violation of Section 12(a)(2) more than three years after the sale at issue. All Section

28

---

12(a)(2) claims based on sales occurring before November 4, 2002, are therefore barred. This does not, however, require dismissal of any claim because some of the allegations relate to sales within the limitations period." *Siemers v. Wells Fargo et al.*, No C 05-4518 WHA, 2006 U.S Dist. LEXIS 60858, *37-38 (N.D. Cal. Aug. 14, 2006).

With respect to the second question—whether Mr. Siemers suffered a loss under section 12(a)(2)—the motion must fail because of the existence of triable issues of fact. Defendants misrepresent the legal test under section 12(a)(2) when they merely compare his purchase price with the price on the day he sold, the day he sued or the motion date. The test Defendants use would be correct under section 11, but the loss calculation for a section 12(a)(2) claim requires computation of "the consideration paid for such security *with interest* thereon, less the amount of any income received thereon…" 15 U.S.C. § 77*l*(a)(2). (emphasis supplied.) Defendants conspicuously have failed to include any calculation of interest as required by statute. Plaintiffs' evidence submitted herewith shows that, taking interest into account, Mr. Siemers did in fact lose money on his purchases under the section 12 calculus. Plaintiffs' evidence requires that "the motion …be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(c). Because Defendants have failed to carry their burden under Rule 56, their motion must be denied.

## II.   ISSUE PRESENTED

Should Defendants' Motion for Judgment on the Pleadings be denied because it requires determination of fact questions, as to which Defendants have failed to establish the lack of a triable issue?

## III.   STATEMENT OF FACTS

Within the three years prior to the filing of this Complaint, Plaintiff Siemers made the following purchases of Wells Fargo funds:

**Wells Fargo Small Cap Growth Fund -- Purchases**

| Date | Shares | Price per Share | Total |
|---|---|---|---|
| 2/20/2004 | 217.028 | $ 11.08 | $ 2,404.70 |
| 2/20/2004 | 620.018 | $ 11.29 | $ 7,000.00 |
| 12/15/2004 | 13.384 | $ 11.59 | $ 155.10 |

**Wells Fargo Emerging Markets Focus Fund -- Purchases**

| Date | Shares | Price per Share | Total |
|---|---|---|---|
| 2/20/2004 | 451.264 | $ 22.16 | $ 10,000.00 |

**Wells Fargo Diversified Equity Fund -- Purchases**

| Date | Shares | Price per Share | Total |
|---|---|---|---|
| 11/15/2002 | 5.863 | $ 34.11 | $ 200.00 |
| 12/16/2002 | 5.877 | $ 34.03 | $ 200.00 |
| 12/24/2002 | 1.296 | $ 31.37 | $ 40.66 |
| 1/18/2003 | 5.86 | $ 34.13 | $ 200.00 |
| 2/18/2003 | 6.337 | $ 31.56 | $ 200.00 |
| 3/17/2003 | 6.307 | $ 31.71 | $ 200.00 |
| 4/15/2003 | 6.077 | $ 32.91 | $ 200.00 |
| 5/15/2003 | 5.705 | $ 35.06 | $ 200.00 |
| 12/24/2003 | 0.204 | $ 38.98 | $ 7.95 |
| 12/24/2003 | 2.538 | $ 38.98 | $ 98.93 |

Mr. Siemers still held all the above-listed shares in the Wells Fargo Small Cap Growth Fund at the time the Complaint was filed, and he continues to hold them today. Mr. Siemers sold the above-listed shares of the other funds as follows:

**Wells Fargo Emerging Markets Focus Fund -- Sales**

| Date | Shares | Price per Share | Total |
|---|---|---|---|
| 10/31/2005 | 451.264 | $       25.78 | $   11,633.59 |

**Wells Fargo Diversified Equity Fund -- Sales**

| Date | Shares | Price per Share | Total |
|---|---|---|---|
| 2/24/2004 | 43.256 | $       40.02 | $   1731.11 |
| 4/7/2004 | 2.538 | $       41.21 | $   104.59 |

## IV.    ARGUMENT

### A.    This Motion For Judgment On The Pleadings Must Be Denied According To The Rules For Summary Judgment.

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(c).

"For the purposes of summary judgment, the moving party bears the burden of proving the absence of a genuine issue of a material fact for trial."  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).  Moreover, the court must consider the record in the light most favorable to the non-moving party's case.  *Id.* ("in the summary judgment context, we construe all facts in the light most favorable to the non-moving party.")  The burden of meeting the high standard to prevail on summary judgment falls squarely on the movant.  *Id.* ("For the purposes of summary judgment, the moving party bears the burden of proving the absence of a genuine issue of a material fact for trial").

As explained below, Defendants' motion for "judgment on the pleadings" must fail, because it actually requires consideration of numerous fact issues outside the pleadings. Defendants have failed to demonstrate the absence of a triable issues of fact as to those issues. Defendants have failed to include any calculation of interest. Defendants also have failed to address the fact questions that underlie the choice of interest rate. When interest is taken into account at an appropriate rate, the facts show that Mr. Siemers did sustain a loss as defined by section 12(a)(2). Accordingly, Defendants' motion must be denied.

**B.     Defendants Fail to Carry Their Burden to Show That Mr. Siemers Has Not Suffered Damages Cognizable Under Section 12(a)(2).**

**1.     Section 12(a)(2) Requires Computation Of Interest.**

Under section 12(a)(2), a plaintiff may "recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, under the tender of such security, or for damages if he no longer owns the security." 15 U.S.C. § 77l(a)(2). The Supreme Court has stated that one of the primary goals of the damages under section 12(a)(2) is "restoration of the plaintiff to his position prior to the fraud." *Randall v. Loftsgaarden*, 478 U.S. 647, 659 (1986). *See also Ballay v. Legg Mason Wood Walker, Inc.*, C.A. No. 88-6867, 1990 U.S. Dist. LEXIS 4412, *4-5 (E.D. Pa. April 13, 1990) ("We find that the defendant has been unjustly enriched. The rescission remedy contemplates that the parties are returned to their respective positions before the breach, at the point in time that the right to rescission arose"). The recissory remedy of section 12(a)(2) may be greater than plaintiffs' actual damages, as its purpose is to deter fraud:

> [T]he Act also aims to prevent further exploitation of the public by the sale of unsound, fraudulent, and worthless securities through misrepresentation [and] to place adequate and true information before the investor. We may therefore infer that Congress chose a rescissory remedy when it enacted § 12(2) in order to deter prospectus fraud and encourage full disclosure as well as to make investors whole. Indeed, by enabling the victims of prospectus fraud to demand rescission upon tender of the security, Congress shifted the risk of an intervening decline in the value of the security to defendants, whether or not that decline was actually caused by the fraud. Thus, rescission adds an additional measure of deterrence as compared to a purely compensatory measure of damages.

*Randall*, 478 U.S. at 359.

1   In their motion for judgment on the pleadings, Defendants claim that they have shown

2   that Mr. Siemers did not suffer a rescissory loss for the mutual funds he sold.  But Defendants

3   are wrong because they fail to include the interest information needed to calculate 12(a)(2)

4   damages.  Defendants instead attempt to apply the damages calculation for section 11, which

5   allows recovery only of "the difference between the amount paid for the security….and the value

6   thereof as of the time such suit was brought."  15 U. S. C. § 77k(e).  This attempt to conflate the

7   two sections must be rejected.  As the Court explained in *In re Intel Sec. Litig.*, 89 F.R.D. 104

8   (N.D. Cal. 1981), "[a] plaintiff will generally elect to recover under § 12(2) because this section

9   provides a recessionary measure of damages by awarding the purchaser the consideration paid

10  for the security plus interest (less any income received on the security) upon tender of the

11  security….[T]he measure of damages provided under § 12(2) is more favorable than those to be

12  recovered under section 11…".  *Id.*  at 115-116.

13  The inclusion of interest is an integral and important part of any 12(a)(2) damages

14  calculation for "[w]ithout the element of interest, plaintiffs would not be fully compensated for

15  the § 12(2) violation."  *Ballay* 1990 U.S. Dist. LEXIS 4412 at *4-5.  Interest must be computed

16  from the time the plaintiff purchased his/her shares of the security at issue.  *Id.* at  *6-7 ("we find

17  the prejudgment interest should be computed from the time each plaintiff made his or her

18  purchase of stock"), *citing Randall* 478 U.S. at 654.

19  **2.      The Interest Rate Can Be Set Only After Resolving Fact Issues.**

20  The applicable amount of interest is within the discretion of the court and can be set only

21  after review of several factors, including the level of defendants' culpability.  *See, e.g., U.S.*

22  *Indus. v Touche Ross & Co.,* 854 F.2d 1223, 1257, n. 49 (10th Cir. 1988) ("An award of

23  prejudgment interest in a case involving violations of securities laws rests within the equitable

24  discretion of the district court to be exercised according to considerations of fairness.") (internal

25  citations omitted).  Among the factors a court must consider are "[i] whether prejudgment

26  interest is necessary to compensate the plaintiff fully for its injuries' [ii] the degree of personal

27  wrongdoing on part of the defendant, [iii] the availability of alternative investment opportunities

28

to the plaintiff, [iv] whether the plaintiff delayed in bring or prosecuting the action, and [v] other fundamental considerations of fairness."  *Mecca v. Gibraltar Corp.,* 746 F. Supp. 338, 349 (S.D.N.Y. 1990).

Defendants have not established the absence of triable issues as to their culpability or any of the other factors that affects the interest rate.  At trial, Plaintiffs intend to introduce substantial evidence of Defendants' culpability.  (*See, e.g.,* Declaration of Seth A. Safier In Support of Class Certification, Exs. B-F (Dkt. #311); *see also* Order Denying Defendants' Motion to Dismiss Third Amended Complaint (Dkt. #201) at pp. 2-9 (reviewing Plaintiffs' allegations of scienter and materiality).)

### 3. Using An Appropriate Interest Rate, Mr. Siemers Can Demonstrate Section 12 Losses.

Plaintiffs believe that one appropriate way to set the interest rate would be to see what return Mr. Siemers would have earned had he invested in non-Wells Fargo mutual funds in the same market segments.  Doing so has the effect of placing Mr. Siemers in the position he would have occupied had he known of the Defendants' misrepresentations and omissions and had chosen to go elsewhere to make the same type of investments.[1]  *See Johns Hopkins University v. Hutton*, 297 F. Supp. 1165, 1229 (D. Md. 1968) ("In order to place [the investor] in the position it would have been in were it not for the violations by [the broker] of the standards of Section 12, an examination is required to determine what [the investor] could reasonably have been expected to earn by a similar type of investment."), *aff'd in part and rev'd in part on other grounds*, 422 F.2d 1124 (4th Cir. 1970).

Both Morningstar and Yahoo categorize each of the Wells Fargo funds at issue based on their investment type, and compare the performance of each funds to a "benchmark" fund in each category.  The returns for the applicable benchmarks are shown in the table below:

---

[1] Plaintiffs do not waive their right to assert that the interest should be set in other ways, for example, by reference to a fixed rate, a T-bill rate, the overall stock market rate, or otherwise. Nor do Plaintiffs waive their right to assert that one or more of these methods would be inappropriate. As a matter of a motion for judgment on the pleadings, however, Plaintiffs argue only that Defendants have failed to carry their burden to establish the appropriate interest rate.

|  | 2002 | 2003 | 2004 | 2005 | 2006 | 1Q 2007 |
|---|---|---|---|---|---|---|
| **Wells Fargo Diversified Equity (NVDAX)** | | | | | | |
| **Yahoo Benchmark: Large Blend** | -21.40% | 27.98% | 10.47% | 6.09% | 14.24% | 1.07% |
| **Morningstar Benchmark: Large Blend** | -22.8% | 30.2% | 10.5% | 6.5% | 13.7% | 1.1% |
| **Wells Fargo Small Cap Growth (MNSCX)** | | | | | | |
| **Yahoo Benchmark: Small Growth** | -47.88% | 45.88% | 12.16% | 6.09% | 10.83% | 3.03% |
| **Morningstar Benchmark: Small Growth** | -31.1% | 49.0% | 15.1% | 6.1% | 33.9% | 3.0% |
| **Wells Fargo Diversified Emerging Markets (MFFAX)** | | | | | | |
| **Yahoo Benchmark: Diversified Emerging Markets** | -5.75% | 55.41% | 23.83% | 31.78% | 32.40% | 2.36% |
| **Morningstar Benchmark: Diversified Emerging Markets** | -5.3% | 87.2% | 0.7% | 7.8% | 32.2% | 2.4% |

(Declaration of Adam Gutride In Opposition To Motion For Judgment On The Pleadings ("Gutride Decl.") Ex. A.)

Although the Morningstar and Yahoo benchmarks are similar to each other for most years, there are some significant differences: for example for the Small Growth benchmark in 2004 and 2006, and for the Diversified Emerging Markets benchmark in 2004 and 2005. Determining which benchmark to apply again presents yet another issue of fact.

But regardless of which benchmark is chosen to establish the appropriate "interest rate," Mr. Siemers will be able to establish losses under section 12(a)(2) as to purchases of each of the funds. For example, on his January 18, 2003 purchase of the Diversified Equity fund (5.86 shares at $34.13 for a total of $200), Mr. Siemers sold these shares on February 20, 2004 for $40.02 each, for a total of $234.52. But if he had invested for the same period in the Yahoo or Morningstar benchmarks—which is equivalent to "the consideration paid for such security with interest thereon," 15 U.S.C. § 77l(a)(2)—he would have received more: $256.83 or $261.12, respectively. This means that he "lost" between $22.31 and $26.61 under section 12(a)(2), a

1   difference of about 10%.  (Losses also exist with respect to the purchases of this fund made on

2   April 15, 2003 and May 15, 2003.)  (Gutride Decl. ¶3 and Ex. B.) [2]

3         Likewise, on February 20, 2004, Mr. Siemers purchased 837.046 shares of the Small Cap

4   Growth fund for a total of $7,404.70.  He still held the shares at the time the Complaint was

5   filed, at which time they were worth $10,521.67.  But if had invested for the same periods in the

6   Yahoo or Morningstar benchmarks—*i.e.*, if "interest" is taken into account—his investment

7   would have been worth $10,880.14 or $11,172.13, respectively, meaning that he "lost" between

8   $358.48 and $650.46 under section 12(a)(2).  *Id.*  As of the day Defendants' motion for judgment

9   on the pleadings was filed, these shares were worth $11,685.16.  If the money had been invested

10  in the Yahoo or Morningstar benchmarks, the investment would have been worth $12,583.60 or

11  $16,191.47, respectively, meaning that Mr. Siemers has lost between $898.44 and $4,506.30.   In

12  other words, his investment is worth approximately five to 28 percent less than it would have

13  been had he made the same type of investment over the same period in the benchmark fund.

14        Finally, on his February 20, 2004, purchase of the Emerging Markets fund, Mr. Siemers

15  purchased 451.264 shares for a total of $10,000.00.   At the time he sold these securities on or

16  about October 31, 2005, they were worth $11,633.58.  But if he had invested instead in the

17  Morningstar or Yahoo benchmarks, his investment would have been worth $12,891.58 or

18  $15,237.30, respectively, meaning that he "lost" between $1,258.00 and $3,603.72 under section

19  12(a)(2). *Id.*     In other words, his investment is worth approximately ten to 25 percent less than

20  it would have been had he made the same type of investment over the same period a benchmark

21  fund.

22

23

24

_____

25  [2] These figures are approximate. The "interest" in each year is computed as the amount invested
    times the benchmark rate of return for a particular year, times the number of days the investment
26  was held in that calendar year, divided by 365 days.  In each successive calendar year, the
    "interest" from the prior year is compounded with the principal investment.  *See Andreas v.*
27  *Volkswagen of Am., Inc.*, 210 F. Supp. 2d 1078, 1087 (N. D. Iowa 2002) (permitting
    compounding of interest for section 12(a)(2) damages.); *see also* Gutride Decl. Ex. A.)
28

1

    **C.    Because Of The Existence Of Triable Issues On Counts I And II, Judgment
        Also Cannot Be Entered On Count III.**

2

3       Count III of the Complaint is for control person liability pursuant to Section 15 of the

4   Securities Act of 1933.  Defendants' sole argument for dismissal of Count III is that Counts I and

5   II must be dismissed on the pleadings.  (Def. Mtn. at 13).  As seen above, Defendants' argument

6   to dismiss Mr. Siemers' section 12(a)(2) claim is insufficient and Defendants' motion for

7   judgment on the pleadings for Counts I and II must be denied.  Accordingly, Defendants' motion

8   for judgment on the pleadings as to Count III must also be denied.

9   **V.    CONCLUSION**

10      For the reasons stated above, Plaintiffs respectfully requests that the Court deny

11  Defendants' Motion for Judgment on the Pleadings.

12  DATED:   April 26, 2007                    **GUTRIDESAFIER  REESELLP**
                                           By: /s/ Adam J. Gutride
13                                             Adam J. Gutride (Cal. State Bar No. 181446)
                                               Seth A. Safier (Cal. State Bar No. 197427)
14                                             Kate J. Stoia (Cal. State Bar No. 183471)
                                               835 Douglass Street
15                                             San Francisco, California 94114

16                                                 - and -

17                                             **GUTRIDE SAFIER REESE LLP**
                                               Michael R. Reese (Cal. State Bar No. 206773)
18                                             Kim E. Richman (admitted *pro hac vice*)
                                               230 Park Avenue, Suite 963
19                                             New York, New York  10169

20

21                                             ***Court Appointed Lead Counsel***

22

23

24

25

26

27

28