1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4

| | |
|---|---|
| 5   RONALD SIEMERS, Individually And On Behalf Of All Others Similarly Situated, | No. 05-04518 WHA |
| 6 | STIPULATION OF SETTLEMENT |
| 7                         Plaintiff, | |
| 8          v. | |
| 9   WELLS FARGO & COMPANY, H.D. VEST INVESTMENT SERVICES, LLC, WELLS FARGO INVESTMENTS, LLC, WELLS | |
| 10  FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT, INC., | |
| 11  STEPHENS, INC., WELLS FARGO FUNDS DISTRIBUTOR, LLC, AND WELLS FARGO | |
| 12  FUNDS TRUST, | |
| 13                         Defendants. | |

14

15    This stipulation and agreement of settlement dated as of July 5, 2007 (the "Stipulation") is

16   submitted pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Subject to the approval of

17   the Court, this Stipulation is entered into among Lead Plaintiff Ronald Siemers on behalf of himself,

18   the Settlement Class, and the Wells Fargo Advantage Small Cap Growth Fund, and defendants

19   Wells Fargo & Company, Wells Fargo Investments, LLC, Wells Fargo Funds Trust, Wells Fargo

20   Funds Management, LLC, Wells Capital Management Incorporated, Wells Fargo Funds Distributor,

21   LLC, and Stephens Inc., by and through their respective counsel. This Stipulation is intended by the

22   parties hereto to compromise, resolve, discharge and settle the Action and the Certified Class

23   Claims, Uncertified Class Claims, Stayed Claims and Derivative Claim, subject to the terms and

24   conditions set forth below and final approval of the Court:

25    WHEREAS, on November 4, 2005, the following federal securities class action lawsuit was

26   filed in the United States District Court for the Northern District of California (the "Court"):

27   *McDaniel Family Trust v. Wells Fargo & Company, et al.*, Civil Action No. 3:05-cv-04518-WHA;

28    WHEREAS, by Order dated February 28, 2006, the Court appointed Ronald Siemers as Lead

1    Plaintiff;

2           WHEREAS, on April 11, 2006, Lead Plaintiff filed a Consolidated Amended Complaint (the

3    "Complaint") under the caption *Siemers v. Wells Fargo & Company, et al.*, Civil Action No. 3:05-

4    cv-04518-WHA (N.D. Cal.) (the "Action"), asserting claims under:  Sections 12(a)(2) and 15 of the

5    Securities Act of 1933, as amended (the "Securities Act"); Sections 10(b) and 20(a) of the Securities

6    Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder;

7    and Sections 36(b) and 48(a) of the Investment Company Act of 1940 (the "Investment Company

8    Act");

9           WHEREAS, by Order dated June 30, 2006, the Court appointed the law firm of Gutride Safier

10   LLP (later changed to Gutride Safier Reese LLP) as Lead Counsel;

11          WHEREAS, on August 14, 2006, the Court granted in part and denied in part Defendants'

12   motions to dismiss the Complaint, and therein dismissed the claim under Section 48(a) of the

13   Investment Company Act;

14          WHEREAS, on August 31, 2006, Lead Plaintiff filed a Second Amended Complaint, asserting

15   claims under Sections 12(a)(2) and 15 of the Securities Act, Sections 10(b) and 20(a) of the

16   Exchange Act, and Section 36(b) of the Investment Company Act;

17          WHEREAS, on October 24, 2006, the Court granted in part and denied in part Defendants'

18   motions to dismiss the Second Amended Complaint;

19          WHEREAS, on November 17, 2006, Lead Plaintiff lodged a Proposed Third Amended

20   Complaint, again asserting claims under Sections 12(a)(2) and 15 of the Securities Act, Sections

21   10(b) and 20(a) of the Exchange Act, and Section 36(b) of the Investment Company Act, and moved

22   for leave to file the Proposed Third Amended Complaint;

23          WHEREAS, on March 9, 2007, the Court granted in part and denied in part Lead Plaintiff's

24   motion for leave to file the Proposed Third Amended Complaint, and therein limited the claim under

25   Section 36(b) of the Investment Company Act to the Wells Fargo Advantage Small Cap Growth

26   Fund, severed and stayed all claims involving non-Wells Fargo mutual funds, and dismissed H.D.

27   Vest Investments, LLC as a defendant;

28          WHEREAS, on March 21, 2007, Lead Plaintiff filed a revised Third Amended Complaint

1   pursuant to the March 9, 2007 order;

2       WHEREAS, on April 17, 2007, the Court denied Defendants' motion to dismiss the Third

3   Amended Complaint;

4       WHEREAS, on May 17, 2007, the Court granted Defendants' motion for judgment on the

5   pleadings as to those claims asserting a violation of Sections 12(a)(2) and 15 of the Securities Act;

6       WHEREAS, on May 23, 2007, the Court denied appointment of Forrest McKenna as a class

7   representative;

8       WHEREAS, on June 1, 2007, the Court appointed Lead Plaintiff Siemers as the class

9   representative and Gutride Safier Reese LLP as class counsel and certified a class of "[a]ll

10  purchasers of shares (of any class) bought between November 4, 2000, and June 8, 2005, in any of

11  the following mutual funds:  Wells Fargo Advantage Small Cap Growth Fund, Wells Fargo TR [sic]

12  Montgomery Emerging Markets Focus Fund, and Wells Fargo Diversified Equity Fund," but

13  otherwise denied Lead Plaintiff's motion for class certification and bifurcated and stayed the claim

14  asserting a violation of Section 36(b) of the Investment Company Act;

15      WHEREAS, the Court has held that, to prove the claims under the Exchange Act, Lead

16  Plaintiff will be required to show, among other things, that (1) the defendant fund adviser had a

17  practice of extracting excessive advisory and other fees from the Certified Wells Fargo Mutual

18  Funds, (2) that these excessive fees were imposed to satisfy ongoing revenue-sharing obligations to

19  selling agents in exchange for promoting Wells Fargo mutual funds for the benefit of Wells Fargo,

20  but not the existing investors, (3) that these arrangements were not adequately disclosed to investors,

21  (4) that the non-disclosure was material, (5) that investors relied thereon (or that their reliance can

22  be presumed), and (6) that the actions caused remediable loss to Lead Plaintiff and members of the

23  certified class.  With respect to the first point—the excessiveness of the fees—the Court further held

24  that Lead Plaintiff would be required to show that the fees were excessive as judged under the

25  factors set forth in *Gartenberg v. Merrill Lynch Asset Management*, 694 F.2d 923 (2d Cir. 1982),

26  which requires analysis of (1) the nature and quality of services provided to fund shareholders, (2)

27  the profitability of the fund to the adviser-manager, (3) fall-out benefits to Defendants from their

28  sale of the funds, (4) economies of scale in administering the funds, (5) fee structures of comparable

1    funds, and (6) the independence and conscientiousness of the trustees;

2    WHEREAS, on June 13, 2007 and June 28, 2007, counsel for the parties attended a settlement
3    conference with United States Magistrate Judge Joseph C. Spero, during which they engaged in
4    arms-length settlement negotiations that resulted in a settlement agreement in principle that is set
5    forth more fully herein;

6    WHEREAS, Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no
7    event be construed or deemed to be evidence of, or an admission or concession on the part of any of
8    Defendants with respect to, any claim, fault, liability, wrongdoing or damage whatsoever, or any
9    infirmity in the disclosures that Defendants have made or the defenses that Defendants have
10   asserted.  Nor shall this Stipulation be construed or deemed to be a concession by the Lead Plaintiff
11   of any infirmity in the claims asserted in the Action;

12   WHEREAS, Lead Counsel has investigated the allegations of wrongdoing asserted and the
13   alleged damages suffered by the Settlement Class and the Wells Fargo Advantage Small Cap
14   Growth Fund.  In connection therewith, Lead Counsel reviewed and analyzed hundreds of thousands
15   of pages of documents and information obtained from Defendants, from third parties that responded
16   to subpoenas, and from Lead Counsel's own investigation relating to the claims.  In connection
17   therewith, Lead Counsel has also taken or defended ten  depositions.  Lead Plaintiff and Lead
18   Counsel believe that the investigation they have undertaken provides an adequate and satisfactory
19   basis for the settlement described herein;

20   WHEREAS, the investigation conducted by the parties has shown with respect to the Certified
21   Wells Fargo Mutual Funds that, in addition to dealer reallowances, approximately $10.9 million was
22   paid to broker dealers in connection with sales and assets under management during the Class
23   Period, of which approximately $1.70 million was denominated as "revenue sharing," with the
24   remainder paid for shareholder servicing, 12b-1 fees, networking, and internal profit sharing among
25   certain Wells Fargo affiliates;

26   WHEREAS, the investigation conducted by the parties has shown that of the total "revenue
27   sharing" payments of approximately $1.70 million, approximately $392,000 (23.1%) was with
28   respect to sales and assets of the Wells Fargo Advantage Small Cap Growth Fund, approximately

1   $1.18 million (69.4%) was with respect to sales and assets of the Wells Fargo Diversified Equity

2   Fund, and approximately $127,000 (7.5%) was with respect to the Wells Fargo Montgomery

3   Emerging Markets Focus Fund;

4       WHEREAS, Defendant Wells Fargo Funds Trust had responsibility for the registration of the

5   Wells Fargo Advantage Small Cap Growth Fund and the Wells Fargo Diversified Equity Fund

6   throughout the Class Period (from November 4, 2000 through June 8, 2005), but only had such

7   responsibility with respect to the Wells Fargo Montgomery Emerging Markets Focus Fund

8   beginning June 9, 2003;

9       WHEREAS, the investigation conducted by the parties has shown that with respect to the

10  Wells Fargo Advantage Small Cap Growth Fund Class A shares, approximately $35,800 was paid in

11  "revenue sharing" to broker dealers in the calendar year prior to the initiation of this Action.  From

12  this investigation, Lead Counsel has estimated that with respect to all share classes of that fund,

13  approximately $87,500 in "revenue sharing" was paid to broker dealers during that time frame;

14      WHEREAS, Lead Plaintiff and Lead Counsel believe that based upon the elements of proof

15  identified by the Court, success is not assured on their Exchange Act claim and that their best case

16  would be with respect to the amounts paid by Defendants for the denominated purpose of "revenue

17  sharing," which for the Certified Wells Fargo Mutual Funds during the Class Period has been

18  calculated to be approximately $1.70 million;

19      WHEREAS, Lead Plaintiff and Lead Counsel believe that success also is not assured on their

20  Investment Company Act claim and that their best case would be with respect to the amounts paid

21  by Defendants for the denominated purpose of "revenue sharing" at least for the one-year period

22  prior to the filing of this Action, which Lead Counsel has estimated to be approximately $87,500;

23      WHEREAS, based on the claims asserted, the procedural posture of the case, the evidence

24  developed, and the damages that might be proven by the Settlement Class, Lead Counsel and Lead

25  Plaintiff believe that the settlement provides a fair and reasonable monetary recovery for the

26  Settlement Class of $1,098,500, which is 65% of the estimated total paid with respect to the

27  Certified Wells Fargo Mutual Funds during the Class Period as "revenue sharing";

28      WHEREAS, based on the procedural posture of the case, the evidence developed, and the

STIPULATION OF SETTLEMENT                                       05-04518 WHA

1  damages that might be proven by the Wells Fargo Advantage Small Cap Growth Fund, Lead

2  Counsel and Lead Plaintiff believe that the settlement provides a fair and reasonable monetary

3  recovery for the Wells Fargo Advantage Small Cap Growth Fund of $50,000, or 57% of Lead

4  Counsel's estimate for the "revenue sharing" paid during the year prior to initiation of this Action;

5       WHEREAS, Lead Plaintiff and Lead Counsel believe that the settlement also benefits the

6  Settlement Class by requiring improved disclosures in the prospectuses and statements of additional

7  information for the Certified Wells Fargo Mutual Funds;

8       WHEREAS, based on a review of the records of Wells Fargo Investments, the parties estimate

9  that approximately 75% of shareholders of the Wells Fargo Advantage Small Cap Growth Fund as

10  of June 26, 2007, were holders of that fund as of June 8, 2005;

11       WHEREAS, Lead Plaintiff believes that with respect to his Stayed Claims regarding non-

12  Wells Fargo Funds, as to which no motion for class certification has been filed, and also with

13  respect to the Uncertified Class Claims, he would be able to establish recoverable, personal losses in

14  excess of $1,500;

15       WHEREAS, Lead Plaintiff and Lead Counsel further recognize and acknowledge the expense

16  and length of continued proceedings necessary to prosecute the Action through trial and appeal.

17  They have also considered the uncertain outcome and the risk of any litigation, including the risk

18  that they might recover nothing, especially in complex actions such as the Action, as well as the

19  difficulties and delays inherent in any such litigation.  Lead Plaintiff and Lead Counsel are also

20  mindful of the inherent problems of proof and possible defenses to the federal securities law

21  violations asserted against Defendants and therefore believe that it is desirable that the Action and

22  the Certified Class Claims, Uncertified Class Claims, Stayed Claims and Derivative Claim be

23  compromised, settled and resolved as set forth herein.  Based upon their evaluation, Lead Plaintiff

24  and Lead Counsel have determined that the settlement set forth in this Stipulation is fair, reasonable

25  and adequate and in the best interests of Lead Plaintiff, the Settlement Class and the Wells Fargo

26  Advantage Small Cap Growth Fund.

27       NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any

28  lack of merit of the Action, and without any admission or concession of any liability or wrongdoing

1   or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND

2   AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval

3   of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and other conditions set

4   forth herein, in consideration of the benefits flowing to the parties hereto from the Settlement, that

5   the Action and the Certified Class Claims, Uncertified Class Claims, Stayed Claims, and Derivative

6   Claim shall be, to the extent set forth herein, settled and dismissed upon and subject to the terms and

7   conditions set forth herein.

8       **1.     Definitions**

9       As used herein, the following terms shall have the meanings indicated:

10      (a)  "Action" means the action styled *Siemers v. Wells Fargo & Company, et al.,* Civil Action

11  No. 3:05-cv-04518-WHA (N.D. Cal.).

12      (b)  "Administration Expenses" means all costs, disbursements, and expenses incurred in the

13  implementation of this Settlement including, but not limited to:  the Other Notice Costs; the costs of

14  receiving, processing and reviewing Proofs of Claim filed by the Settlement Class Members, to the

15  extent such receipt, processing and/or review is contemplated by the Plan of Allocation; the costs of

16  transferring payments to Settlement Class Members entitled to recovery, to the extent such payments

17  are contemplated by the Plan of Allocation; Taxes and Tax Expenses; and other reasonable fees and

18  expenses of an agent to administer the Settlement including, but not limited to, the Claims

19  Administrator.  Notwithstanding the above, Administration Expenses shall not include the Wells

20  Fargo Notice Expenses and Wells Fargo Distribution Expenses.

21      (c)  "Certified Class Claims" means the claims asserted in the Action on behalf and for the

22  benefit of the Settlement Class Members alleging violations of Section 10(b) of the Securities

23  Exchange Act and Rule 10b-5 enacted pursuant thereto with respect to the Certified Wells Fargo

24  Mutual Funds.

25      (d)  "Certified Wells Fargo Mutual Funds" means the mutual funds that are series of Wells

26  Fargo Funds Trust and currently named Wells Fargo Advantage Small Cap Growth Fund, Wells

27  Fargo Advantage Emerging Markets Focus Fund, and Wells Fargo Advantage Diversified Equity

28  Fund, and refers to those funds as they are currently named or named previously (for example, the

Wells Fargo Advantage Small Cap Growth Fund was formerly named the Wells Fargo Small Cap Growth Fund, the Wells Fargo Advantage Emerging Markets Focus Fund was formerly named the Wells Fargo Montgomery Emerging Markets Focus Fund, and the Wells Fargo Advantage Diversified Equity Fund was formerly named the Wells Fargo Diversified Equity Fund).  However, mutual funds that were series of entities other than Wells Fargo Funds Trust and were later acquired by or merged with mutual funds that are or were series of Wells Fargo Funds Trust do not constitute Certified Wells Fargo Mutual Funds for the time prior to such acquisition or merger.  Thus, the term Certified Wells Fargo Mutual Funds does not include the Montgomery Emerging Markets Focus Fund prior to June 9, 2003 because Wells Fargo Funds Trust did not have responsibility for the registration of that fund prior to June 9, 2003.

(e)  "Claims Administrator" means the Claims Administrator designated in the Plan of Allocation, if any.

(f)  "Class Period" means the period of time between November 4, 2000 and June 8, 2005, inclusive.

(g)  "Counsel Fees and Expenses" means fees and expenses allowed by the Court that are sought and were incurred by Lead Counsel and any other plaintiffs' counsel in the prosecution of the Action, including the Derivative Claim and all other claims, but excluding any expenses that qualify as Administration Expenses.

(h)  "Court" means the United States District Court for the Northern District of California.

(i)  "Defendants" means Wells Fargo & Company, Wells Fargo Investments, LLC, H.D. Vest Investment Services, LLC, Wells Fargo Funds Trust, Wells Fargo Funds Management, LLC, Wells Capital Management Incorporated, Wells Fargo Funds Distributor, LLC, and Stephens Inc.

(j)  "Defendants' Counsel" means the law firms of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, and Pillsbury Winthrop Shaw Pittman LLP.

(k)  "Derivative Claim" means Lead Plaintiff's claim in this Action under Section 36(b) of the Investment Company Act asserted on behalf and for the benefit of the Wells Fargo Advantage Small Cap Growth Fund.

(l)  "Effective Date" means the date upon which the Settlement contemplated by this

1    Stipulation shall become effective, as set forth in Paragraph 7 below.

2           (m) "Escrow Agent" means the Claims Administrator or another person or agent chosen by

3    Lead Counsel with the approval of Defendants who is qualified to perform the duties of the Escrow

4    Agent as set forth herein.

5           (n)  "Fairness Hearing" means the hearing held by the Court to consider final approval of the

6    Settlement of the Certified Class Claims pursuant to Rule 23(e) of the Federal Rules of Civil

7    Procedure and final approval of the Settlement of the Derivative Claim.

8           (o)  "Lead Counsel" means the law firm of Gutride Safier Reese LLP.

9           (p)  "Lead Plaintiff" means plaintiff Ronald Siemers.

10          (q)  "Notice" means the Notice of Proposed Class Action Settlement, substantially in the form

11   attached hereto as Exhibit 2.

12          (r)  "Order and Final Judgment" means the proposed order and final judgment approving the

13   Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to be entered substantially

14   in the form attached hereto as Exhibit 5.

15          (s)  "Other Notice Costs" means the reasonable costs, disbursements and expenses of

16   providing notice as ordered by the Court (other than the Wells Fargo Notice Costs), and shall

17   include the costs of processing returned mail; the costs of researching the correct address for, and

18   resending the Notice to, any person from whom the Notice is returned to the Claims Administrator

19   as undeliverable, including without limitation postage, printing and return envelopes; the costs of

20   establishing and maintaining any website created, maintained or utilized in connection with the

21   Settlement; the costs of publishing the Summary Notice; and the costs of any other notice as

22   provided herein and/or as may be ordered by the Court.

23          (t)  "Plan of Allocation" means the plan of allocating the Settlement Account to be approved

24   by the Court and entered substantially in the form attached hereto as Exhibit 4.

25          (u)  "Preliminary Approval Order" means the proposed order to be entered by the Court

26   substantially in the form attached hereto as Exhibit 1, which shall provide, among other things, for a

27   Fairness Hearing and the giving of appropriate, reasonable notice of the Settlement.

28          (v)  "Released Parties" means Defendants (including without limitations any other entities

named as defendants in the Action at any time, including any defendants who were dismissed in the Action), and all of their present and former employees, officers, trustees and directors, and all of their respective past or present subsidiaries, parents, affiliates, successors, predecessors, agents, attorneys, advisors, insurers, investment advisors, distributors, auditors, accountants, assigns, spouses, any member of their immediate family, or any trust which is for the benefit of any of them and/or member(s) of their immediate family and the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

(w)  "Settlement" means the terms of settlement of the Action agreed to hereby.

(x)  "Settlement Class" means all purchasers of shares (of any class) bought between November 4, 2000, and June 8, 2005, in the Certified Wells Fargo Mutual Funds, but excluding: (i) any person or entity whose only purchases of shares in the Certified Wells Fargo Mutual Funds during the Class Period were through dividend reinvestments; (ii) Judge William H. Alsup; (iii) the Released Parties; and (iv) any putative member of the Settlement Class who makes a proper and timely request for exclusion from the Settlement Class.

(y)  "Settlement Class Members" means all members of the Settlement Class.

(z)  "Settlement Payment" means the payments Defendants shall deliver to the Settlement Account (defined in Paragraph 2(b)(ii) below) pursuant to Paragraph 2(a) hereof.

(aa) "Settling Parties" means Lead Plaintiff, on behalf of himself, the Settlement Class and the Wells Fargo Advantage Small Cap Growth Fund, and Defendants.

(bb) "Stayed Claims" mean all claims stayed in the Court's order entered on March 9, 2007, including all claims alleged in the Action relating to non-Wells Fargo mutual funds.

(cc) "Stipulation" means this Stipulation of Settlement.

(dd) "Summary Notice" means the summary form of Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 3.

(ee) "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Account, including all accrued interest.

1      (ff) "Tax Expenses" mean costs, disbursements and expenses incurred in connection with

2  estimating and paying the Taxes (including, without limitation, expenses of tax attorneys and/or

3  accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the

4  returns described in Paragraph 2(b)(iv)).

5      (gg) "Uncertified Class Claims" means the claims asserted in this Action on behalf and for the

6  benefit of the Settlement Class Members alleging violations under Section 10(b) of the Securities

7  Exchange Act and Rule 10b-5 enacted pursuant thereto with respect to any Wells Fargo mutual

8  funds other than the Certified Wells Fargo Mutual Funds.

9      (hh) "Wells Fargo Account" means any reasonably identifiable account used to purchase the

10  Certified Wells Fargo Mutual Funds during the Class Period, where the account is or was held at

11  Wells Fargo Investments, LLC, H.D. Vest Investment Services, LLC, Wells Fargo Funds

12  Distributor, LLC, or Wells Fargo Funds Management, LLC, or is or was a direct to fund account of

13  Wells Fargo Funds Trust.

14      (ii) "Wells Fargo Distribution Expenses" means the costs, disbursements and expenses

15  reasonably incurred in the transferring of payments to any Wells Fargo Account that is open at the

16  time of distribution to the extent such payments are contemplated in the Plan of Allocation.  The

17  Wells Fargo Distribution Expenses shall not include any other expenses associated with the

18  administration of this Settlement or distribution of any payments.

19      (jj) "Wells Fargo Notice Expenses" means the costs, disbursements and expenses

20  reasonably incurred in connection with sending the Notice as described in Paragraphs 4(a)(i)-(ii).

21  The Wells Fargo Notice Expenses shall not include any Other Notice Costs.

22      **2.      Consideration For Release Of Claims**

23  (a) Settlement Payment

24      (i)      Derivative Claim Payment:  On or before ten (10) business days following entry

25  of the Preliminary Approval Order, Defendants shall pay fifty thousand dollars ($50,000.00)

26  into the Settlement Account for the benefit of the Wells Fargo Advantage Small Cap Growth

27  Fund.

28      (ii)      Class Settlement Payment:  On or before ten (10) business days following entry of

1    the Preliminary Approval Order, Defendants shall pay one million ninety-eight thousand five

2    hundred dollars ($1,098,500.00) into the Settlement Account for the benefit of the Settlement

3    Class Members.

4         (iii)     Personal Settlement of Stayed Claims and Uncertified Class Claims:  On or before

5    ten (10) business days following entry of the Preliminary Approval Order, Defendants shall

6    pay one thousand five hundred dollars ($1,500.00) into the Settlement Account for the benefit

7    of Ronald Siemers.  This payment is made solely in exchange for Mr. Siemers' individual

8    settlement of the Stayed Claims and Uncertified Class Claims as reflected in the Siemers

9    Release.

10   (b)   Settlement Account

11        (i)     In the event of the entry of a final order of a court of competent jurisdiction

12   determining the transfer of the Settlement Payment, or any portion thereof, to be a preference,

13   voidable transfer, or fraudulent transfer, or in violation of 11 U.S.C. §362, then the releases

14   given and judgment entered pursuant to this Stipulation shall be voidable by Lead Counsel,

15   and if so voided, then the provisions of Paragraph 7(d) shall be applicable.

16        (ii)     The Settlement Account shall be an account bearing interest from the date monies

17   are deposited into it as provided herein until it is transferred in accordance with the provisions

18   of this Stipulation, the Plan of Allocation, and orders of the Court, or returned to Defendants

19   as described herein.  The Settlement Account shall be established so that the funds therein are

20   held in escrow by the Escrow Agent, and shall be deemed to be in the custody, and shall

21   remain subject to the jurisdiction, of the Court until the funds are distributed or returned to

22   Defendants pursuant to this Stipulation, the Plan of Allocation, and/or further Court order.

23   The Escrow Agent shall not disburse funds from the Settlement Account except as provided in

24   this Stipulation, the Plan of Allocation, or by an order of the Court, or with the written

25   agreement of counsel for each of the Settling Parties.

26        (iii)     The Settlement Account shall be the sole source of funds from Defendants for

27   payment of any claims to Lead Plaintiff (including without limitation as set forth in Paragraph

28   10 herein), the Settlement Class, or the Wells Fargo Advantage Small Cap Growth Fund.  The

Settlement Account shall also be the sole source of funds from Defendants for payment of Counsel Fees and Expenses and all Administration Expenses (excepting Defendants' separate payment of the Wells Fargo Notice Expenses and Wells Fargo Distribution Expenses). Lead Plaintiff, Settlement Class Members and the Wells Fargo Advantage Small Cap Growth Fund will look solely to the Settlement Account for settlement and satisfaction of any and all claims against any and all Defendants and the Released Parties. Lead Counsel and any other plaintiffs' attorneys will look solely to the Settlement Account for Counsel Fees and Expenses and Administration Expenses, and neither Defendants nor the Released Parties will pay any Counsel Fees and Expenses and/or Administration Expenses beyond the Settlement Payment (excepting Defendants' separate payment of the Wells Fargo Notice Expenses and Wells Fargo Distribution Expenses). Defendants shall have no other responsibility or obligation in connection with the administration, investment, or distribution of the Settlement Account or funds therein, except for transferring payments to any Wells Fargo Account that is open at the time of distribution to the extent such payments are contemplated in Paragraph 6 of the Plan of Allocation.

(iv)     The Parties and the Escrow Agent shall treat the Settlement Account and funds therein as being at all times a "qualified settlement fund" with the meaning of Treas. Reg. Section 1.468B-1. In addition, the Escrow Agent shall timely make the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and to cause the appropriate filing to occur.

For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Account (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)). Such returns (as well as the "relation back"

election) shall be consistent with this Paragraph 2(b)(iv) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Account shall be paid out of the Settlement Account.

(v)     Taxes and Tax Expenses shall be treated as, and considered to be, part of the Administration Expenses of the Settlement.  As such, Taxes and Tax Expenses shall be timely paid by Lead Counsel or the Claims Administrator without prior order from the Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).  Lead Plaintiff and Defendants agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

In all events, Defendants and the Released Parties shall have no liability or responsibility for the payment or withholding of Taxes or the Tax Expenses, or the preparation or filing of returns, all of which shall be the sole responsibility of Lead Counsel or their designee.

(c)   Disclosures

(i)     As further consideration for the Settlement, Defendant Wells Fargo Funds Trust agrees to amend the disclosures regarding revenue sharing payments in the prospectuses and Statements of Additional Information ("SAIs") for each of the Certified Wells Fargo Mutual Funds as set forth substantially in the form attached hereto as Exhibits 6 and 7 ("Stipulated Disclosures").  To the extent permitted by applicable law and regulations, the Stipulated Disclosures shall be preceded by a heading or subheading fairly apprising readers of the subject of the Stipulated Disclosures, which heading or subheading shall be listed in any existing table of contents to the prospectuses and SAIs.

(ii)     The Stipulated Disclosures will be inserted only as prospectuses and SAIs are amended and/or issued in the normal course of business, and will remain in the prospectuses and SAIs for any of the Certified Wells Fargo Mutual Funds for at least two (2) years after the

1   Effective Date.

2       (iii)       Should the Securities Exchange Commission ("SEC") or any other body with

3   regulatory authority over the mutual fund industry mandate disclosures ("Regulatory

4   Disclosures") on any or all of the subjects covered by the Stipulated Disclosures, then, such

5   Regulatory Disclosures shall control over the Stipulated Disclosures, relieving Defendants of

6   their obligations to include such Stipulated Disclosures in prospectuses and SAIs, even if the

7   Regulatory Disclosures and Stipulated Disclosures are not in conflict.  Should the SEC or any

8   other body with regulatory authority over the mutual fund industry approve but not mandate

9   Regulatory Disclosures on any or all of the subjects covered by the Stipulated Disclosures, and

10  should Defendant Wells Fargo Funds Trust choose to adopt the Regulatory Disclosures,

11  Defendant shall also provide the portion of the Stipulated Disclosures that is not in conflict

12  with the Regulatory Disclosures.

13      **3.     Scope And Effect Of Settlement**

14      (a)   Certified Class Claims:  As consideration for the Settlement and providing the Effective

15  Date occurs, Lead Plaintiff, on behalf of himself and the Settlement Class Members, shall dismiss

16  on the merits and with prejudice all Certified Class Claims.  As further consideration for the

17  Settlement and providing the Effective Date occurs, Lead Plaintiff and the Settlement Class

18  Members, and each of their respective past or present agents, partners, members, affiliates,

19  subsidiaries, issues, heirs, representatives, successors and assigns, shall release and forever

20  discharge, as against any and all of the Released Parties, each and every of the Certified Class

21  Claims and, in addition, any and all known and unknown claims, debts, demands, rights or causes of

22  action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or

23  any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or

24  unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, or

25  direct or derivative, with respect to the Certified Wells Fargo Mutual Funds, arising out of or based

26  upon the allegations made in any of the complaints filed in the Action and/or related in any way to

27  any payments by or to any of Defendants in connection with the Certified Wells Fargo Mutual

28  Funds.  With respect to the above Release, Lead Plaintiff and the Settlement Class Members

expressly waive, any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

but only to the extent that any such claims were made or might have been made with respect to the Certified Wells Fargo Mutual Funds, and arise out of or are based upon the allegations made in any of the complaints filed in the Action and/or relate in any way to any payments by or to any of Defendants in connection with the Certified Wells Fargo Mutual Funds.  Lead Plaintiff and Defendants acknowledge, and by operation of law they and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of such unknown claims in this release was separately bargained for and was a key element of the Settlement.  Lead Plaintiff or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or its now knows or believes to be true with respect to the subject matter of the claims described in Paragraph 3(a), but Lead Plaintiff intends, and Settlement Class Members are deemed to have intended by operation of the Order and Final Judgment, for the release of such claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to unknown claims.  The release of all such claims is intended to be a full and binding release of all such claims, including unknown claims, and shall be construed broadly to effect that purpose.

(b)  Uncertified Class Claims:  As consideration for the Settlement and providing the Effective Date occurs, Lead Plaintiff, on behalf of himself and the putative members of any class alleged in any of the complaints filed in the Action, shall dismiss the Uncertified Class Claims.  Such dismissal shall be with prejudice as to Lead Plaintiff and without prejudice as to any putative member of any class.

(c)  Stayed Claims:  As consideration for the Settlement and providing the Effective Date occurs, Lead Plaintiff, on behalf of himself and the putative members of any class alleged in the any of the complaints filed in the Action, shall dismiss all Stayed Claims.  Such dismissal shall be with

1    prejudice as to Lead Plaintiff and without prejudice as to any putative member of any class.

2    (d)   Derivative Claim:  As consideration for the Settlement and providing the Effective Date

3    occurs, Lead Plaintiff, on behalf of himself and the Wells Fargo Advantage Small Cap Growth

4    Fund, including all predecessors to that fund (whether those predecessors were simply renamed or

5    merged into the current fund) shall dismiss on the merits and with prejudice the Derivative Claim.

6    As further consideration for the Settlement and providing the Effective Date occurs, Lead Plaintiff,

7    on behalf of himself and the Wells Fargo Advantage Small Cap Growth Fund, including all

8    predecessors to that fund (whether those predecessors were simply renamed or merged into the

9    current fund), and each of Lead Plaintiff's respective past or present agents, partners, issues, heirs,

10   representatives, successors and assigns, shall release and forever discharge the Derivative Claim as

11   against any and all of the Released Parties.

12   (e)   Siemers Release:  As consideration for the Settlement and providing the Effective Date

13   occurs, Lead Plaintiff, on behalf of himself, shall, consistent with Paragraphs 3(a)-(d), dismiss on

14   the merits and with prejudice the Action.  As further consideration for the Settlement and providing

15   the Effective Date occurs, Lead Plaintiff, on behalf of himself, his spouse, and any retirement or

16   other account maintained by Lead Plaintiff or his spouse, and on behalf of each of his respective past

17   or present agents, partners, issues, heirs, representatives, successors and assigns, shall release and

18   forever discharge, as against any and all of the Released Parties, any and all known and unknown

19   claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on

20   federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or

21   contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or

22   unmatured, whether class or individual in nature, or direct or derivative, arising out of, based upon

23   or related in any way to (i) the allegations made in any of the complaints filed in the Action by the

24   Lead Plaintiff against any of the Released Parties, or (ii) the allegations that could have been made

25   in any forum by the Lead Plaintiff against any of the Released Parties which arise out of or are based

26   upon the allegations, transactions, facts, matters or occurrences, representations or omissions

27   involved, set forth, or referred to in any of the complaints in the Action; *provided, however,* that this

28   release shall not extend to claims unrelated to (i) the issuance, sale, marketing, distribution, and/or

1   management of mutual funds by any of the Released Parties, or the purchase of the mutual funds by

2   the Lead Plaintiff, during the Class Period, or (ii) any disclosures made in connection therewith,

3   including without limitation within prospectuses and statements of additional information and by

4   broker-dealers.

5       With respect to the release described in this Paragraph 3(e), the Settling Parties further

6   stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly waive, and by

7   operation of the Order and Final Judgment shall be deemed to have expressly waived, any and all

8   provisions, rights and benefits conferred by law of any state or territory of the United States, federal

9   law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code

10  §1542, which provides:

11      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
        CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR
12      AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR
        HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
13      THE DEBTOR.

14  Lead Plaintiff and Defendants acknowledge, and by operation of law shall be deemed to have

15  acknowledged, that the inclusion of unknown claims in this release was separately bargained for and

16  was a key element of the Settlement.  Lead Plaintiff may hereafter discover facts in addition to or

17  different from those which he now knows or believes to be true with respect to the subject matter of

18  the claims described in Paragraph 3(e), but Lead Plaintiff intends the release of such claims to be

19  effective without regard to the subsequent discovery or existence of such different or additional facts

20  and for it to extend to unknown claims.  The release of all such claims is intended to be a full and

21  binding release of all such claims, including unknown claims, and shall be construed broadly to

22  effect that purpose.

23      (f)  <u>McKenna Claims</u>:  Within ten (10) days of the execution of this Stipulation, Plaintiff

24  Forrest McKenna shall dismiss his claims against all Defendants without prejudice.

25      (g)  The Notice shall provide that when the Effective Date occurs, Settlement Class Members

26  shall have released Defendants and the Released Parties as provided in Paragraph 3(a).

27      (h)  The Notice shall provide that when the Effective Date occurs, the Wells Fargo Advantage

28  Small Cap Growth Fund shall have released Defendants and the Released Parties as provided in

1   Paragraph 3(d).

2   **4.    Notice, Administration And Plan Of Allocation**

3   (a)   The Settlement Class Members shall be provided notice of the Settlement as follows:

4       (i)    To all Settlement Class Members having Wells Fargo Accounts, Defendants shall

5   distribute the Notice by first-class U.S. mail to the Settlement Class Member's last known

6   address, or, in Defendants' sole discretion, by email to the last known email address of any

7   Settlement Class Member who has requested receipt of shareholder communications by email.

8   If any such email is returned as undeliverable, Defendants shall send the Notice to that

9   Settlement Class Member's last known address by first-class U.S. mail.   Each Notice

10   distributed by U.S. mail shall bear the return address of the Claims Administrator.  Defendants

11   shall bear all costs incurred in complying with the terms of this Paragraph (4)(a)(i).

12       (ii)    To all other Settlement Class Members, Defendants shall also make reasonable

13   efforts to give notice through nominee owners such as brokerage firms as follows:

14       (a)    Any nominee owners who are under a legal obligation to send notice at their own

15   expense to the beneficial owners of the shares pursuant to shareholder servicing agreements or

16   the terms of prospectuses for administrator class and/or investor class shares or other

17   agreements with any Defendant shall forward copies of the Notice to their beneficial owners

18   within a reasonable period after receipt thereof.  Such Notice shall be sent by first-class U.S.

19   mail to the Settlement Class Members' last known address, or, in the nominee owner's sole

20   discretion, by email to the last known email address of any Settlement Class Member who has

21   requested receipt of shareholder communications by email.  If any such email is returned as

22   undeliverable, the nominee owner shall send the Notice to that Settlement Class Member's last

23   known address by first-class U.S. mail.  Each Notice distributed by U.S. mail shall bear the

24   return address of the Claims Administrator.  The nominee owner shall bear the costs of notice

25   under this Paragraph 4(a)(ii)(a), except that should the nominee owner dispute its obligation to

26   pay such costs, and such dispute cannot be resolved as between such nominee owner and

27   Defendants, then the Court shall resolve the dispute.   Any costs under this Paragraph

28   4(a)(ii)(a) not borne by the nominee owner shall be borne by Defendants.

(b)    Any nominee owners not falling within Paragraph 4(a)(ii)(a) shall, within a reasonable period of receipt of the Notice, forward copies of the Notice to their beneficial owners or send a list of names and addresses of such persons or entities to a person or entity designated by Defendants to facilitate notice.   In the former case, Defendants shall upon request furnish additional copies of the Notice for mailing or emailing and/or reimburse the nominee for reasonable out-of-pocket expenses incurred in providing notice, if requested, which expenses would not have been incurred but for the sending of such notice.   In the latter case, Defendants shall cause a copy of the Notice to be sent to each person on the list provided by the nominee.  Such Notice shall be sent by first-class U.S. mail to the Settlement Class Members' last known address, or, in Defendants' sole discretion, by email to the last known email address of any Settlement Class Member who has requested receipt of shareholder communications by email.  If any such email is returned as undeliverable, the nominee owner or Defendants shall send the Notice to that Settlement Class Member's last known address by first-class U.S. mail.  Each Notice distributed by U.S. mail shall bear the return address of the Claims Administrator.  Defendants shall bear all costs incurred in complying with the terms of this Paragraph (4)(a)(ii)(b).

(iii)    If any mailed Notice is returned to the Claims Administrator as undeliverable, the Claims Administrator shall make reasonable efforts to locate a correct address for the Settlement Class Member and shall re-send the Notice to the updated address by first-class U.S. mail.  Defendants shall not bear any costs incurred under this Paragraph 4(a)(iii).

(iv)    The Notice shall inform all Settlement Class Members of the method of opting out of the Settlement, objecting to the settlement, and making a claim under the Settlement.

(v)    The Notice shall remind all Settlement Class Members who hold Administrator or Institutional class shares of the Certified Wells Fargo Mutual Funds of their potential duty to forward the Notice to the beneficial owners of such shares at their own expense, or to opt out, object, and/or make claims under this Settlement on behalf of such beneficial owners.

(vi)    The Claims Administrator shall publish the Summary Notice once in the Investors Business Daily and distribute it once to a national newswire such as PR Newswire or

1   Marketwire.

2       (vii)      The Claims Administrator shall publish the Notice, the Summary Notice, the

3   Preliminary Approval Order, the Plan of Allocation, an online claim form, a downloadable

4   version of the claim form, and a copy of this Stipulation on the Internet.  The website, and any

5   other website used for notice or claims administration or otherwise in connection with the

6   Settlement, shall be subject to the approval of Defendants to ensure their usability, adherence

7   to Defendants' information security requirements (including, but not limited to, appropriate

8   encryption levels), and non-infringement of any Defendants' names, logos, symbols and

9   trademarks and, in addition, shall be subject to the approval of Defendants with respect to their

10  URL and content; such approval shall not be unreasonably withheld.  Defendants additionally

11  reserve the right to add, at their discretion, disclaimers stating that the websites are owned by

12  the Claims Administrator and not by Defendants and regarding any privacy policy and

13  security of the websites.  Absent their consent, any such websites shall not be located on any

14  of Defendants' servers nor shall they link to any of Defendants' websites, nor shall they be

15  branded as though they are owned or maintained by any of Defendants, nor shall Defendants

16  have any responsibility for the maintenance of any such websites, including without limitation

17  their compliance with all applicable laws.

18      (b)  The Settlement Account and funds therein shall be allocated, administered, and

19  distributed according to the Plan of Allocation.

20      (c)     None of the Released Parties or Defendants' Counsel shall have any responsibility for,

21  interest in or liability whatsoever with respect to:

22      (i)       any act, omission or determination of Lead Counsel, the Escrow Agent or the

23  Claims Administrator, or any of their respective designees or agents, in connection with the

24  administration of the Settlement, any website or data collected in connection therewith, or

25  otherwise;

26      (ii)      the management, investment or distribution of the Settlement Account and funds

27  therein;

28      (iii)     the determination, administration, or calculation of any claims asserted against the

1    Settlement Account, or the payment of any claims (other than to holders of Wells Fargo

2    Accounts that are open at the time of distribution);

3        (iv)    any losses suffered by, or fluctuations in the value of, the Settlement Account and

4    funds therein.

5        (d)    Lead Counsel and Lead Plaintiff shall have no liability to any person for any claim based

6    on distributions made substantially in accordance with this Stipulation, the Plan of Allocation and

7    any further orders of the Court.

8        (e)    Defendants and their counsel shall make all reasonable efforts to comply with their

9    obligations set forth in this Stipulation.  No discovery shall be allowed of the Released Parties or

10   Defendants' Counsel on the merits of the Action, the Settlement, or anything listed in Paragraph

11   4(c).  Absent good cause and order by the Court, no discovery shall be allowed of the Released

12   Parties or Defendants' Counsel regarding the administration of the Settlement, including without

13   limitation in connection with their notice obligations set forth in Paragraph 4(a), or their obligations

14   respecting electronic payments set forth in the Plan of Allocation.

15       **5.    Court Approval**

16       (a)    After the execution of this Stipulation, the Settling Parties hereto will promptly submit it

17   to the Court and will request the entry of the Preliminary Approval Order from the Court,

18   substantially in the form attached as Exhibit 1 hereto.

19       (b)    Lead Counsel will also, in due course, submit a motion to approve the settlement of the

20   Derivative Claim, which motion shall be heard at the same time as the motion for final approval of

21   the Settlement.

22       (c)    In connection with the motion for final approval of the Settlement, Lead Counsel will

23   move for dismissal of the Certified Class Claims and entry of the Order and Final Judgment, in

24   accordance with Paragraph 3(a).

25       (d)    In connection with the motion for final approval of the Settlement, Lead Counsel will also

26   move to dismiss the Uncertified Class Claims and Stayed Claims, in accordance with Paragraphs

27   3(b)-(c).

28       (e)    In connection with the motion for final approval of the Settlement, Lead Counsel will also

1   move to dismiss the Derivative Claim, in accordance with Paragraph 3(d).

2       (f)   In connection with the motion for final approval of the Settlement, Lead Counsel will also

3   move to dismiss the Action, in accordance with Paragraph 3(e).

4       (g)   The Settling Parties and their attorneys agree that they will use their best efforts to obtain

5   all necessary approvals of this Stipulation by the Court.

6       **6.   Opt-Out Termination Right**

7       If (i) more than two-thousand five-hundred (2,500) Settlement Class Members or (ii)

8   Settlement Class Members who hold or held at any time during the class period an aggregate of fifty

9   million dollars ($50,000,000.00) in the Certified Wells Fargo Mutual Funds, request to be or are by

10  Court order excluded from the Settlement Class, then this Stipulation may be withdrawn and/or the

11  Settlement terminated in the sole discretion of the Defendants as to one, two or all of the Certified

12  Wells Fargo Mutual Funds.  In the event of a full or partial termination of this Settlement, this

13  Stipulation shall become null and void and of no further force and effect as to the mutual funds

14  subject to the termination and the provisions of Paragraph 7(d) herein shall apply as to the force of

15  the settlement as to the funds for which the settlement is terminated.

16      **7.   Effective Date Of Settlement, Waiver Or Termination**

17      (a)   The Effective Date of the Settlement shall be the date when all of the following shall have

18  occurred:

19          (i)      the Court's entry of the Preliminary Approval Order in all material respects in the

20      form attached as Exhibit 1 hereto;

21          (ii)     the Court's final approval of the Settlement following dissemination of the Notice,

22      Summary Notice and any other notice ordered by the Court, and the Fairness Hearing; and

23          (iii)    the Court's entry of an Order and Final Judgment, in all material respects in the

24      form set forth in attached Exhibit 5, and the expiration of any time for appeal or review of

25      such Order and Final Judgment, or, if any appeal is filed and not dismissed, five (5) business

26      days after such Order and Final Judgment is upheld on appeal in all material respects and is no

27      longer subject to review upon appeal or by writ of certiorari, or, if the Court enters an order

28      and final judgment in a form other than that provided above ("Alternative Judgment") and

1    none of the Settling Parties hereto elect to terminate this Settlement, the date that such

2    Alternative Judgment becomes final and no longer subject to appeal or review.

3    *Provided, however*, that any award of Counsel Fees and Expenses and/or compensation to Lead

4    Plaintiff pursuant to Paragraph 10 shall not be considered a material provision of the Order and Final

5    Judgment and any appeal of any such awards shall not delay the Effective Date and any

6    modification as a result of such appeal shall not be considered a modification of a material term.

7        (b)   Defendants or Lead Plaintiff shall have the right to terminate the Settlement contemplated

8    by this Stipulation by providing written notice of such election to the Settling Parties within ten (10)

9    days of the discovery of any of the following events:

10        (i)      the Court declines to enter the Preliminary Approval Order in all material respects

11       in the form attached as Exhibit 1 hereto;

12        (ii)     the Court declines to adopt the Plan of Allocation in all material respects in the

13       form attached as Exhibit 4 hereto; or

14        (iii)    the Court declines to enter the Order and Final Judgment in all material respects in

15       the form attached as Exhibit 5 hereto;

16        (iv)    the Order and Final Judgment is vacated and/or reversed on appeal.

17        (c)   Notwithstanding Paragraph 7(b) herein, the following event or occurrence shall not create

18    in Lead Counsel or Lead Plaintiff a right to terminate the Settlement:  a decision by any court to

19    award Counsel Fees and Expenses and/or compensation to Lead Plaintiff pursuant to Paragraph 10

20    in an amount less than the amounts applied for by Lead Counsel, other plaintiffs' counsel, or Lead

21    Plaintiff.

22        (d)   If the Settlement is terminated in whole or in part or fails to become effective for any

23    reason, or if the Effective Date does not occur, then (i) the Settlement shall be without force and

24    effect upon the Settling Parties' rights as to the mutual funds subject to the termination, and none of

25    its terms shall be effective or enforceable, except to the extent Administrative Expenses have been

26    expended under this Stipulation; (ii) this Stipulation, the facts and terms of the Settlement, and all

27    oral and written communications and other documents pertaining to the Settlement shall be null and

28    void and without prejudice as to the mutual funds subject to termination  and shall not be referred to

by any of the Settling Parties or be admissible in any further proceedings in the Action or any other action or proceeding; (iii) the balance remaining in the Settlement Account attributable to the terminated fund or funds, together with accrued interest thereon, less any Administrative Expenses incurred before such termination shall be returned to Defendants within ten (10) business days; and (iv) the Settling Parties shall revert to their respective positions in the Action as of June 12, 2007, and the fact and terms of this Stipulation or the negotiations thereto or any information provided in connection with such negotiations shall not be admissible in any hearing or trial of the Action or any other action or proceeding as to the funds subject to termination. Except as set forth in this paragraph 7(d), Defendants shall have no right to the return of any of the funds paid into the Settlement Account.

**8.     The Settling Parties' Reaffirmation of Commitment to Protective Order**

The Settling Parties and counsel for the Settling Parties (including Lead Counsel) hereby reaffirm their commitment to comply with all terms of the Stipulated Protective Order dated December 18, 2006 (as modified by the Court on December 21, 2006) and all settlement and mediation privileges, and represent and warrant that they have not divulged to any person or entity other than the Court, the named parties hereto, and any other persons or entities authorized to receive such materials under Section 7 of the Protective Order, the following: (i) any documents (including CDs and other electronic files) or information obtained during discovery and designated as Confidential or Highly Confidential pursuant to the Protective Order in the Action, or obtained in connection with the negotiation of this Settlement; or (ii) any material derived from such documents or information, including without limitation counsel's work product derived from such documents or information and any Confidential or Highly Confidential documents or information contained in pleadings filed under seal. The Settling Parties and their counsel further reaffirm their obligation under Section 7.1 of the Protective Order and settlement and mediation privileges to use such Confidential Information and Highly Confidential Information, documents or information obtained in connection with the negotiation of this Settlement, and any materials or written (including electronic) work product derived from such documents and information solely in connection with this Action. In accordance with Section 11 of the Protective Order, the Settling Parties and their

1   counsel reaffirm their obligation to destroy all Confidential and Highly Confidential documents
2   (including CDs and other electronic files) and information, and any material derived therefrom
3   (including without limitation all copies, abstracts, compilations, summaries) so as to render it
4   unreadable and unusable within 60 days of the Effective Date (except that counsel may retain an
5   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or
6   attorney work product), and counsel for the Settling Parties agree to certify in writing to the
7   Producing Party that they and each of their clients in the Action have done so.  Nothing in this
8   Paragraph or this Stipulation shall be deemed to preclude counsel for the Settling Parties from
9   retaining and using any information that was previously designated Confidential or Highly
10  Confidential but became public due to its use at any public hearing or its incorporation in any
11  publicly available order of the Court.  To the extent Lead Counsel desires to keep information
12  allegedly falling within the immediately preceding sentence, it shall notify Defendants' Counsel in
13  writing of all of the specific documents and information previously designated Confidential or
14  Highly Confidential that it wishes to retain and/or use.  Such notice shall be given at the same time
15  that Lead Counsel certifies the destruction of other material and information.

16      **9.    Counsel Fees And Expenses**

17      Lead Counsel may apply to the Court for an award of Counsel Fees and Expenses reasonably
18  incurred in connection with the prosecution of the Action, including the Derivative Claim, to be paid
19  out of the Settlement Account.  This application shall be filed at least thirty-five (35) days prior to
20  the Fairness Hearing.  The award shall be paid to Lead Counsel on or before ten (10) business days
21  following the Effective Date or the Court's approval of the application for Counsel Fees and
22  Expenses, whichever is later, together with any interest accrued thereon from the date of the award
23  until the date of payment.  The Defendants and Released Parties shall have no other obligation to
24  pay attorneys' fees or expenses of Lead Counsel or any other plaintiffs' counsel.

25      **10.   Compensation To Lead Plaintiff**

26      Separately from and in addition to the amount paid to Lead Plaintiff under Paragraph 2(a)(iii),
27  Lead Plaintiff may apply to the Court for an award of reasonable costs and expenses (including lost
28  wages) directly relating to the representation of the class, to be paid out of the Settlement Account.

1    This application shall be filed at least thirty-five (35) days prior to the Fairness Hearing.  The award
2    shall be paid to Lead Plaintiff on or before ten (10) business days following the Effective Date or the
3    Court's approval of the application for such an award, whichever is later, together with any interest
4    accrued thereon from the date of the award until the date of payment.  The Defendants and Released
5    Parties shall have no other obligation to pay for any time or expenses incurred by Lead Plaintiff.

6    **11.    Entry Of Final Judgments/Orders**

7    Consummation of this Settlement and distribution of the Settlement Account according to the
8    Plan of Allocation are contingent upon the Court's entry of the Order and Final Judgment in all
9    material respects in the form attached as Exhibit 5 hereto and the occurrence of the Effective Date.

10   **12.    28 U.S.C. §1715**

11   Defendants shall bear the responsibility for complying with 28 U.S.C. §1715 to the extent
12   necessary and shall pay the expenses for such compliance separately from and in addition to any
13   other payments made herein.  Lead Counsel shall fully cooperate with Defendants as necessary to
14   effectuate such compliance.

15   **13.    No Admission Of Wrongdoing**

16   It is expressly understood that this Stipulation, whether consummated or not, and any
17   negotiations or proceedings in connection herewith and any orders of the Court relating to it do not
18   constitute and will not be construed as, or be deemed to be, evidence or an admission or concession
19   on the part of Defendants of any liability or wrongdoing whatsoever, or the propriety of certifying a
20   class other than for settlement purposes, or on the part of Lead Plaintiff or Settlement Class
21   Members of any lack of merit to the Action.  This Stipulation and each of its provisions and any
22   orders of the Court relating to it, and any related proceedings, will not be offered or received in
23   evidence of or construed as or deemed to be evidence of any presumption, concession, or admission
24   by any person with respect to the truth of any fact alleged by plaintiffs, or the validity of any claim
25   that has been or could have been asserted in the Action or in any litigation, or of any liability,
26   negligence, fault or wrongdoing of any person.

27   **14.    General Provisions**

28   (a)    All of the exhibits attached hereto are hereby incorporated by reference in this Stipulation

as though fully set forth herein.

(b)   The undersigned attorneys and representatives for Lead Plaintiff and Defendants have authority to execute this Stipulation pursuant to the express authorization of their respective clients.

(c)   Lead Plaintiff expressly represents and warrants that, in entering into the Settlement, he has relied upon his own knowledge and investigation (including the knowledge of and investigation performed by Lead Counsel), and not upon any promise, representation, warranty, or other statement made by or on behalf of any Defendant not expressly contained in this Stipulation.

(d)   This document may be signed in counterparts, each of which shall be deemed to be and have the force of an original insofar as the signature thereon is concerned.  Consistent with General Order 45(X), any electronic signature to this Stipulation (which the parties contemplate will be e-filed) shall be treated in all manners and respects as an original signature and shall be considered to have the same binding effect as if it were the original signed version thereof delivered in person.

(e)   The service of papers and notices under this Stipulation shall be made upon Lead Counsel and the Settlement Class by serving such papers on:

> Adam J. Gutride, Esq.
> Seth A. Safier, Esq.
> Gutride Safier Reese LLP
> 835 Douglass Street
> San Francisco, CA  94114-3606

and upon Defendants by serving such papers on counsel for Defendants:

> Gilbert R. Serota, Esq.
> Howard, Rice, Nemerovski, Canady,
>       Falk & Rabkin
> A Professional Corporation
> Three Embarcadero Center, 7th Floor
> San Francisco, CA  94111-4024
>
> Bruce A. Ericson, Esq.
> Pillsbury Winthrop Shaw Pittman LLP
> 50 Fremont Street
> San Francisco, CA  94105-2228

by personal delivery or First Class mail.

(f)   When used herein, the masculine shall include the feminine and the neuter.

(g)   Federal law shall govern this Stipulation and any documents prepared or executed pursuant to this Stipulation, except that California law shall govern in the absence of controlling

1   federal law.  The forum for resolving disputes arising under or relating to this Stipulation shall be

2   the United States District Court for the Northern District of California.

3        (h)   This Stipulation may not be modified or amended, except by a writing signed by all

4   Settling Parties or their respective successors-in-interest.

5        (i)   The waiver by one party of any breach of this Stipulation by any other party shall not be

6   deemed a waiver of any other prior or subsequent breach of this Stipulation.

7        (j)   This Stipulation shall be binding upon, and inure to the benefit of, the successors and

8   assigns of the Settling Parties and the Released Parties.

9        (k)   The Settling Parties acknowledge, represent and warrant to each other that the releases

10  and payments hereunder are adequate consideration for the consideration given.

11       (l)   This Stipulation constitutes the complete agreement of the Settling Parties hereto and

12  supersedes any prior agreements, oral or otherwise, which may have been reached in this Action.

13       (m)  Except as set forth herein, the parties shall bear their own expenses and attorneys' fees

14  incurred in this Action.

15  DATED:  July 5, 2007.              GILBERT R. SEROTA
                                       PATRICIA J. MEDINA
16                                     JASON M. SKAGGS
                                       HOWARD RICE NEMEROVSKI CANADY
17                                         FALK & RABKIN
                                       A Professional Corporation
18

19                                     By: _____/s/_____
                                                  JASON M. SKAGGS
20
                                       Attorneys for Defendants WELLS FARGO FUNDS
21                                     MANAGEMENT, LLC, WELLS CAPITAL
                                       MANAGEMENT INCORPORATED, WELLS FARGO
22                                     FUNDS DISTRIBUTOR, LLC, WELLS FARGO
                                       FUNDS TRUST and STEPHENS INC.
23
    DATED:  July 5, 2007.              BRUCE A. ERICSON
24                                     DAVID STANTON
                                       PILLSBURY WINTHROP SHAW PITTMAN LLP
25
                                       By: _____/s/_____
26                                                 DAVID STANTON

27                                     Attorneys for Defendants WELLS FARGO & CO.,
                                       WELLS FARGO INVESTMENTS, LLC, and H.D.
28                                     VEST INVESTMENT SERVICES, LLC

1    DATED:  July 5, 2007.                    ADAM J. GUTRIDE
                                              SETH A. SAFIER
2                                             MICHAEL R. REESE
                                              GUTRIDE SAFIER REESE LLP
3

4                                             By: _____/s/_____
                                                        ADAM J. GUTRIDE
5
                                              Attorneys for Lead Plaintiff RONALD SIEMERS,
6                                             Plaintiff FORREST McKENNA and the
                                              SETTLEMENT CLASS
7

8              **DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

9          I, JASON M. SKAGGS, hereby declare pursuant to General Order 45, § X.B, that I have

10   obtained the concurrence in the filing of this document from each of the other signatories listed

11   above.

12         I declare under penalty of perjury that the foregoing declaration is true and correct.  Executed

13   on July 5, 2007, at San Francisco, California.

14

15                                           _____/s/_____
                                                        JASON M. SKAGGS
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT LIST**

2
3

1.    [Proposed] Order Preliminarily Approving Settlement, Notice, And Setting Fairness Hearing

4

2.    Notice of Proposed Settlement of Class Action and Derivative Action

5

3.    Summary Notice of Proposed Settlement of Class Action And Derivative Action

6

4.    [Proposed] Plan of Allocation

7

5.    [Proposed] Order Granting Final Approval Of Settlement And Entering Final Judgment

8

6.    Changes to Disclosures in Prospectuses

9

7.    Changes to Disclosures In Statement of Additional Information

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28