IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIEMERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO & CO., WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT, INC., WELLS FARGO INVESTMENTS, LLC, STEPHENS, INC., and WELLS FARGO FUNDS TRUST,<br><br>    Defendants.<br>                                                             / | No. C 05-04518 WHA<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

Despite the fact that the settlement is small in comparison to the large amount of work done in this case, after reviewing the under seal submission by counsel, the Court finds that the damage figure for any typical investor would be small, after discounting for possibilities of success. Therefore, even though the settlement amount may well be disappointing to class members, the amount is at least reasonable enough to warrant preliminary approval and to allow class members to comment.

The Court does not bless any particular attorney's fees award, although the proposed class notice states that plaintiff's counsel may seek in excess of 30% of the settlement. The Court would like appropriate input from class members before making any final decision.

By **AUGUST 8, 2007**, counsel must meet and confer and submit a proposed schedule that is calculated to provide ample time for class members to receive their notice, to review the notice, and to respond as time permits. Please allow an ample schedule that will take into account the need for intermediaries, such as brokerage firms, to send notice to their customers. Please also take into account any changes of address that may need to be processed. Making such allowances, class members should have 30 days to respond.

Also by August 8, the parties should submit a revised proposal of the language to be inserted into the prospectus disclosing the revenue-sharing scheme at issue here. The parties should specify where the proposed language would appear in the prospectuses so that it is not hidden among other, unrelated material. Additionally, the language should clarify that the "selling or shareholder servicing agents" referenced are the brokers with whom many investors regularly deal. Finally, the proposed language states that "the Fund expects to receive certain marketing or servicing advantages" in exchange for the "Additional Payments." The language should clarify that these are not "advantages" to the investors themselves, and are advantages only to the Fund sponsors.

**IT IS SO ORDERED.**

Dated:  August 3, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2