1  GILBERT R. SEROTA (No. 75305)
   Email:  gserota@howardrice.com
2  PATRICIA J. MEDINA (No. 201021)
   Email:  pmedina@howardrice.com
3  JASON M. SKAGGS (No. 202190)
   Email:  jskaggs@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California  94111-4024
   Telephone:     415/434-1600
7  Facsimile:     415/217-5910

8  Attorneys for Defendants
   WELLS FARGO FUNDS MANAGEMENT, LLC,
9  WELLS CAPITAL MANAGEMENT
   INCORPORATED, WELLS FARGO FUNDS
10 DISTRIBUTOR, LLC, WELLS FARGO FUNDS
   TRUST and STEPHENS INC.

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16  RONALD SIEMERS, Individually And On          No. 05-04518  WHA
    Behalf Of All Others Similarly Situated,
17                                               [PROPOSED] ORDER GRANTING FINAL
                   Plaintiff,                    APPROVAL OF SETTLEMENT,
18                                               AWARDING ATTORNEYS' FEES AND
         v.                                      EXPENSES, AND ENTERING FINAL
19                                               JUDGMENT
    WELLS FARGO & COMPANY, H.D. VEST
20  INVESTMENT SERVICES, LLC, WELLS
    FARGO INVESTMENTS, LLC, WELLS
21  FARGO FUNDS MANAGEMENT, LLC,
    WELLS CAPITAL MANAGEMENT INC.,
22  STEPHENS INC., WELLS FARGO FUNDS
    DISTRIBUTOR, LLC, and WELLS FARGO
23  FUNDS TRUST,

24                 Defendants.

25

26

27

28

          [PROPOSED] FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT   05-04518 WHA

1    On the 31st day of January, 2008, a hearing having been held before this Court to determine:

2    (a) whether the terms of the Settlement described in the Stipulation of Settlement, filed with this

3    Court on July 5, 2007, are fair, reasonable and adequate, and should be approved by the Court;

4    (b) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the

5    Court; (c) whether this Order and Final Judgment should be entered, dismissing and releasing

6    certain claims as set forth in the Stipulation and herein; (d) whether the application of Lead Plaintiff

7    and Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be

8    approved; and (e) such other matters as the Court may deem appropriate; and

9        The Court having considered all matters submitted to it at the hearing and otherwise; and

10        It appearing that notices substantially in the form approved by the Court in the Preliminary

11   Approval Order were delivered and published as set forth in Paragraph 4 of the Stipulation; and

12        It appearing that all officials required to be notified of the Settlement pursuant to 28 U.S.C.

13   §1715 have been so notified;

14        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

15   1.    The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all

16   Settlement Class Members and Defendants.

17   2.    All capitalized terms used herein shall have the same meanings as set forth and defined

18   in the Stipulation.

19   3.    The Court incorporates its prior order of June 1, 2007 finding that the prerequisites for a

20   class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

21   as to the following class:  All purchasers of shares (of any class) bought between November 4, 2000,

22   and June 8, 2005, in the Wells Fargo Advantage Small Cap Growth Fund, Wells Fargo Montgomery

23   Emerging Markets Focus Fund, and Wells Fargo Diversified Equity Fund, but excluding any person

24   or entity whose only purchases of shares in these funds during the Class Period were through

25   dividend reinvestments.  The Court further finds that the Settlement Class, as defined in the

26   Stipulation, differs from the class the Court previously certified only insofar as the Settlement Class

27   excludes the Court, Released Parties, and any member of the Settlement Class who made a proper

28   and timely request for exclusion from the Settlement Class.  The Court also clarifies that the class

[PROPOSED] EXHIBIT A TO FINAL APPROVAL OF SETTLEMENT      05-04518 WHA

-1-

1    previously certified and the Settlement Class do not include purchasers of shares of the Montgomery

2    Emerging Markets Focus Fund to the extent their purchases were made prior to June 9, 2003

3    because that fund was not named the Wells Fargo Emerging Markets Focus Fund and Wells Fargo

4    Funds Trust did not have responsibility for the registration of that fund until June 9, 2003.  The

5    Court therefore amends its order of June 1, 2007 to conform the scope of the class there certified to

6    the scope of the Settlement Class.

7         4.    The Court hereby finds that the form, content and method of distribution of the Notice

8    and Summary Notice provided the most reasonable notice practicable under the circumstances.

9    These notices provided due and adequate notice of these proceedings and the matters set forth

10   herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such

11   notice, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure,

12   Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the

13   Private Securities Litigation Reform Act of 1995, and due process.  With respect to notice of the

14   settlement of the Derivative Claim, the Court specifically finds and concludes that: (1) Rule 23.1 of

15   the Federal Rules of Civil Procedure does not apply to claims under Section 36(b) of the Investment

16   Company Act, *see Daily Income Fund v. Fox*, 464 U.S. 523, 528 (1991); (2) there is no authority

17   requiring direct notice to all current shareholders of the Wells Fargo Advantage Small Cap Growth

18   Fund; (3) a significant percentage of current shareholders of the Wells Fargo Advantage Small Cap

19   Growth Fund received direct notice of the Settlement, because such notice was included in the

20   Notice regarding the class settlement, and an estimated 75% of shareholders of the fund as of June

21   26, 2007 were holders of the Wells Fargo Advantage Small Cap Growth Fund on June 8, 2005;

22   (4) sending direct notice to the other current shareholders would be prohibitively expensive,

23   particularly in light of the amount of money paid to settle this claim; and (5) the Summary Notice

24   was reasonably calculated to reach current shareholders of the Wells Fargo Advantage Small Cap

25   Growth Fund because it was published in the Investors' Business Daily and on a national wire

26   service.

27        5.    A full opportunity has been offered to the Settlement Class Members to exclude

28   themselves from the Settlement Class, and attached as Exhibit A is a list of all the persons and

[PROPOSED] FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT   05-04518 WHA

1    entities that either timely submitted a valid request for exclusion from the Settlement Class or that

2    submitted an untimely or invalid request for exclusion from the Settlement Class, but whose

3    exclusion Lead Plaintiff and Defendants nevertheless consent to.  It is hereby determined that all

4    Settlement Class Members who are not listed on Exhibit A are bound by this Order and Final

5    Judgment.

6        6.    A full opportunity has been offered to the Settlement Class Members and additional,

7    current shareholders of the Wells Fargo Advantage Small Cap Growth Fund to object to the

8    proposed Settlement and to participate in the hearing thereon.  In the absence of any such objections,

9    and having considered argument by Lead Plaintiff and Defendants, and the Stipulation itself, the

10   Court concludes that the Stipulation is fair, reasonable and adequate, and in the best interests of the

11   Settlement Class and the Wells Fargo Advantage Small Cap Growth Fund, and therefore approves

12   it.  Lead Plaintiff, Lead Counsel and Defendants are directed to consummate the Settlement in

13   accordance with the terms and provisions of the Stipulation.

14       7.    All Certified Class Claims hereby are dismissed on the merits and with prejudice as to

15   Lead Plaintiff and the Settlement Class Members.

16       8.    All Uncertified Class Claims hereby are dismissed with prejudice as to Lead Plaintiff

17   and without prejudice as to the putative members of any class alleged in the any of the complaints

18   filed in the Action.

19       9.    All Stayed Claims hereby are dismissed with prejudice as to Lead Plaintiff and without

20   prejudice as to the putative members of any class alleged in the any of the complaints filed in the

21   Action.

22       10.    The Derivative Claim hereby is dismissed on the merits and with prejudice as to Lead

23   Plaintiff, on behalf of himself and the Wells Fargo Advantage Small Cap Growth Fund, including all

24   predecessors to that fund, whether those predecessors were simply renamed or merged into the

25   current fund.

26       11.    Consistent with Paragraphs 7-10, the Action is hereby dismissed on the merits and with

27   prejudice as to Lead Plaintiff, on behalf of himself.

28       12.    Providing the Effective Date occurs, Lead Plaintiff and the Settlement Class Members,

[PROPOSED] FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT   05-04518 WHA

1 and each of their respective past or present agents, partners, members, affiliates, subsidiaries, issues,

2 heirs, representatives, successors and assigns, shall have released and forever discharged, as against

3 any and all of the Released Parties, each and every of the Certified Class Claims and, in addition,

4 any and all known and unknown claims, debts, demands, rights or causes of action or liabilities

5 whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or

6 regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or

7 in equity, matured or unmatured, whether class or individual in nature, or direct or derivative, with

8 respect to the Certified Wells Fargo Mutual Funds, arising out of or based upon the allegations made

9 in any of the complaints filed in the Action and/or related in any way to any payments by or to any

10 of Defendants in connection with the Certified Wells Fargo Mutual Funds.

11        13.    Providing the Effective Date occurs, Lead Plaintiff, on behalf of himself and the Wells

12 Fargo Advantage Small Cap Growth Fund, including all predecessors to that fund (whether those

13 predecessors were simply renamed or merged into the current fund), and each of Lead Plaintiff's

14 respective past or present agents, partners, issues, heirs, representatives, successors and assigns,

15 shall have released and forever discharged, the Derivative Claim as against any and all of the

16 Released Parties.

17        14.    Providing the Effective Date occurs, Lead Plaintiff, on behalf of himself, his spouse, and

18 any retirement or other account maintained by Lead Plaintiff or his spouse, and on behalf of each of

19 his respective past or present agents, partners, issues, heirs, representatives, successors and assigns,

20 shall have released and forever discharged, as against any and all of the Released Parties, any and all

21 known and unknown claims, debts, demands, rights or causes of action or liabilities whatsoever,

22 whether based on federal, state, local, statutory or common law or any other law, rule or regulation,

23 whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity,

24 matured or unmatured, whether class or individual in nature, or direct or derivative, arising out of,

25 based upon or related in any way to (i) the allegations made in any of the complaints filed in the

26 Action by the Lead Plaintiff against any of the Released Parties, or (ii) the allegations that could

27 have been made in any forum by the Lead Plaintiff against any of the Released Parties which arise

28 out of or are based upon the allegations, transactions, facts, matters or occurrences, representations

1  or omissions involved, set forth, or referred to in any of the complaints in the Action; *provided,*

2  *however*, that this release shall not extend to claims unrelated to (i) the issuance, sale, marketing,

3  distribution, and/or management of mutual funds by any of the Released Parties, or the purchase of

4  the mutual funds by the Lead Plaintiff, during the Class Period, or (ii) any disclosures made in

5  connection therewith, including without limitation within prospectuses and statements of additional

6  information and by broker-dealers.

7        15.    The Court finds that all parties to the Action and their counsel have complied with each

8  requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

9        16.    Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations,

10  documents or proceedings connected with them shall be:

11        (a)    offered or received against Defendants as evidence of or construed as or deemed

12  to be evidence of any presumption, concession, or admission by any of the Defendants with respect

13  to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or

14  could have been asserted in the Action or in any litigation, or the deficiency of any defense that has

15  been or could have been asserted in the Action or in any litigation, or of any liability, negligence,

16  fault, or wrongdoing of Defendants;

17        (b)    offered or received against Defendants as evidence of a presumption, concession

18  or admission of any fault, misrepresentation or omission with respect to any statements or written

19  document approved or made by any Defendant;

20        (c)    offered or received against Defendants as evidence of a presumption, concession

21  or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to

22  or for any other reason as against any of the Defendants, in any other civil, criminal or

23  administrative action or proceeding, other than such proceedings as may be necessary to effectuate

24  the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court,

25  Defendants may refer to it to effectuate the liability protection granted them hereunder;

26        (d)    construed against Defendants or the Settlement Class as an admission or

27  concession that the consideration to be given hereunder represents the amount which could be or

28  would have been recovered after trial; or

1      (e)    construed as, or received in evidence as, an admission, concession or presumption

2   against the Settlement Class that any of its claims are without merit or that damages recoverable

3   under any of the complaints filed in the Action would not have exceeded the Settlement Account.

4      17.    The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the

5   Claims Administrator are directed to administer the Stipulation in accordance with its terms land

6   provisions.

7      18.    Lead Counsel shall be paid from the Settlement Account attorneys' fees in the amount

8   of two hundred eighty-seven thousand five hundred dollars ($287,500.00) and expenses in the

9   amount of fifty-four thousand seventy-eight dollars and ninety cents ($54,078.90), plus interest on

10  both amounts at the same rate accrued by the funds in the Settlement Account from the date of this

11  Order.   The Court finds that Lead Counsel's expenses were reasonably incurred in this action and

12  are of the type that are typically billed by attorneys to paying clients.   The Court also finds that Lead

13  Counsel's request for fees is a reasonable percentage of the benefits obtained for the Settlement

14  Class.   Furthermore, the fee award is less than a quarter of Lead Counsel's lodestar in this action of

15  $1,188,400.00, and both the number of hours worked (2531.25) and the hourly rates of $375 to $525

16  are reasonable in light of the tasks performed in this case and the skills and experience of Lead

17  Counsel.   Finally, the Court finds that the fee award is justified in light of the results achieved in this

18  litigation, the risks involved, the quality of the work, the contingent nature of the fee, the financial

19  burden for expenses borne by lead counsel, and the Court's experience in similar case, as reflected

20  in the memorandum of points and authorities submitted by Lead Counsel.

21     19.    Lead Plaintiff shall be paid from the Settlement Account one thousand dollars

22  ($1,000.00) to compensate him for lost wages plus interest thereon at the same rate accrued by the

23  funds in the Settlement Account from the date of this Order.   The Court denies the balance of Lead

24  Plaintiff's request for compensation of $6,922.80 in lost wages.

25     20.    The Court has reviewed letters from Milberg Weiss LLP dated January 25 and January

26  30, 2008, asserting a right to recover fees and expenses incurred by that firm prior to its removal as

27  lead counsel.   Neither Milberg Weiss LLP nor any other counsel for any plaintiff in this case other

28  than Gutride Safier Reese LLP filed a timely application for attorneys' fees or expenses, nor did any

[PROPOSED] FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT   05-04518 WHA

1   person file a timely objection to the proposed Plan of Allocation or the application for fees and

2   expenses by Gutride Safier Reese LLP.  Milberg Weiss LLP's letters are not an appropriate method

3   to assert a right to attorneys' fees and expenses in a securities class action such as this one, where

4   this Court has the duty to determine to whom attorneys' fees and expenses shall be awarded and in

5   what amounts.  *See* Fed. R. Civ. P. 23; 15 U.S.C. §77z-1.  Milberg Weiss LLP partner Janine

6   Pollack received notice of all filing deadlines via the Court's ECF system.  Further, Milberg Weiss

7   LLP was removed from its role as lead counsel after it was indicted and its services were terminated

8   by Lead Plaintiff, and the work it performed prior to its removal did not contribute to the eventual

9   recovery for Lead Plaintiff or the Settlement Class, because the plaintiffs' theories of liability and

10  damages were substantially revised after substitution of counsel, in the subsequent versions of the

11  amended complaint and briefing related thereto.  Accordingly, neither Milberg Weiss LLP nor any

12  lawyers other than Gutride Safier Reese LLP shall recover any attorneys' fees or expenses in this

13  matter, nor shall any portion of the funds in the Settlement Account nor the amounts allocated

14  therefrom to Lead Plaintiff or Lead Counsel be paid to Milberg Weiss LLP or other such lawyers.

15      21.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class

16  Members for all matters relating to the Action, including the administration, interpretation,

17  effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any

18  application for fees and expenses incurred in connection with administering and distributing the

19  settlement proceeds to the Settlement Class Members.

20      22.    Without further order of the Court, the parties may agree to reasonable extensions of

21  time to carry out any of the provisions of the Stipulation.

22      23.    There is no just reason for delay in the entry of this Order and Final Judgment and

23  immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of

24  Civil Procedure.  The finality of this Order and Final Judgment shall not be affected, in any manner,

25  by rulings that the Court may make on Lead Plaintiff's or Lead Counsel's application for an award

26  of attorneys' fees and reimbursement of expenses.

27      24.    In the event that the Effective Date does not occur, then this Order and Final Judgment

28  shall be rendered null and void and be vacated and the Settlement and all orders entered in

1    connection therewith shall be rendered null and void, and the parties shall be returned to their

2    respective positions immediately prior to June 12, 2007, with new dates to be set for all deadlines

3    imposed by the Case Management Order of September 28, 2006 that had not yet passed.

4

5    DATED:  __February 5_____, 2008.

6                                                        HONORABLE WILLIAM H. ALSUP
                                                         UNITED STATES DISTRICT COURT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT   05-04518 WHA

**EXHIBIT A**

The following persons and entities are excluded from the Settlement Class:

Carl Anderson

Bridgette E. Brown

Rebecca Fain

Elizabeth A. Jacobs

Wayne Jacobson

Theresa A. Nolte

Mark Pyburn

Jonathan Stein and Gillian C. Workman-Stein JTTN

Jerry E. Pott and Maureen H. O'Brien

Wellspring Corporation Employee Savings Plan

Centennial Homes 401(k) Profit Sharing Plan

Riley, Dettmann & Kelsey LLC Incentive Savings Plan

Mico Machines 401-K

Boyds' Gunstock Industries Inc 401 (K)